UNITED STATES FIRE INSURANCE COMPANY, APPELLANT, *v.* ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLEE.

(No. 86AP-687 — Decided December 30, 1986.)

*McNamara & McNamara, David S. Cooper* and *John L. Miller,* for appellant.

*Lane, Alton & Horst, Thomas A. Dillon* and *Robert Hanson,* for appellee.

TYACK, J. United States Fire Insurance Company ("U.S. Fire") and St. Paul Fire & Marine Insurance Company ("St. Paul") both provided insurance coverage for United Service Company ("USC"). On or about October 22, 1984, USC was sued; it tendered defense of the suit to St. Paul as its primary carrier. St. Paul refused to defend the suit, based upon its interpretation of the nature of the suit and the coverage provided. USC then tendered defense of the suit to U.S. Fire, its excess carrier. After U.S. Fire also demanded that St. Paul defend the suit and St. Paul still refused to defend, U.S. Fire then entered an appearance in the legal action. Subsequently, U.S. Fire filed this declaratory judgment and damage action against St. Paul, requesting that St. Paul be ordered to assume the defense of USC and to reimburse U.S. Fire for its expenses in defending the original lawsuit.

Ultimately, U.S. Fire and St. Paul both filed motions for summary judgment as to liability. The trial court ordered summary judgment for St. Paul, finding that St. Paul did not have a duty to defend USC under the circumstances. The remaining issues raised by U.S. Fire were thereby rendered moot.

U.S. Fire timely filed this appeal, assigning one error:

"The trial court erred in overruling the motion for partial summary judgment filed by plaintiff-appellant, United States Fire Insurance Company, and in entering final judgment in favor of defendant-appellee, St. Paul Fire & Marine Insurance Company."

The trial court's decision was based upon lengthy stipulations of fact interpreted in light of two recent decisions of the Supreme Court of Ohio, *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, 9 OBR 463, 459 N.E. 2d 555, and *Zanco, Inc.* v. *Michigan Mut. Ins. Co.* (1984), 11 Ohio St. 3d 114, 11 OBR 413, 464 N.E. 2d 513.

The syllabus to *Willoughby Hills* v. *Cincinnati Ins. Co., supra,* reads as follows:

"Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

*Zanco, Inc.* v. *Michigan Mut. Ins. Co., supra,* is a *per curiam* decision in which the Supreme Court found that no duty to defend existed. The case turned upon a finding that at least two policy exclusions applied to the counterclaim under consideration, thereby taking the

allegations in the counterclaim outside the coverage provided. The majority opinion reaffirmed the syllabus in *Willoughby Hills* as applicable law.

With this legal structure in place, the particular complaint filed against USC must be reviewed to see if a claim "potentially or arguably within the policy coverage" is present. The review must take into consideration any specific exclusions in the policy issued by St. Paul.

The suit against USC was filed by two women who had formerly been employees. The "Introduction" to the complaint indicated that the suit was "an action for damages resulting from wrongful acts and omissions by the defendants including, but not limited to, intentional infliction of emotional distress, invasion of privacy, breach of contract, assault and battery, and slander." One of the women had been an employee from April 1980 until June 1984. The other had worked for USC from August 1983 until March 1984.

As to the latter plaintiff, the complaint alleged that she had been intentionally and maliciously subjected to harassment and discriminatory treatment throughout her employment. Among the specific acts alleged was the making of "false and defamatory remarks * * * concerning Plaintiff['s] * * * morals and character, including such statements as she was a whore and a slut." The actions were alleged to have caused that plaintiff "damage to her reputation" among other injuries.

The other former employee also alleged that her reputation had been damaged. The only statement itemized as being communicated in the complaint was that this plaintiff was a "F_____g jew broad."

The insurance policy issued to USC by St. Paul included coverage for employment-related claims for libel, slander and invasion of privacy. The policy excluded intentional violation of the law and offenses "related to discrimination or unfair employment practices by any protected person" (here, the corporation, its executive officers, directors and stockholders).

The person alleged as guilty of most of the misconduct and all the defamation set forth in the complaint held a variety of positions with USC at different times, the highest being terminal manager. No allegation indicates that he was a protected person himself, although the complaint alleges that he acted within the scope of his employment as a duly authorized agent of USC. He was sued in both his individual and official capacities as a part of the lawsuit. The complaint also alleged that some or all of his acts were ratified by USC through the acts of other persons within the corporation.

Under the circumstances, the complaint alleges a claim which "potentially" or "arguably" would fall under the coverage provided by St. Paul. The defamation and invasion of privacy allegations of the complaint, if established but found to be without discriminatory intent, would be covered. Therefore, St. Paul should have appeared and defended the action.

The assignment of error is sustained. The judgment below is vacated, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and FEIGHAN, JJ., concur.

FEIGHAN, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Tenth Appellate District.