VIP Development, Inc., Appellee, *v.* Cincinnati Insurance Company, Appellant.

[Cite as VIP Development, Inc. *v.* Cincinnati Ins. Co. (1987), 32 Ohio St. 3d 337.]

(No. 86-554—Decided September 9, 1987.)

*Knepper, White, Arter & Hadden, Doug Wrightsel* and *Judith E. Trail,* for appellee.

*Henry G. Berlon,* for appellant.

*Per Curiam.* The primary issue presented here is whether appellant had a duty to defend appellee in the actions brought by Jones and Pridemore. We hold in the negative and reverse the decision of the court of appeals.

The instant policy provided coverage for bodily injuries resulting from an "occurrence," which is defined as "an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage *neither expected nor intended* from the standpoint of the insured." (Emphasis added.) The policy excluded coverage for bodily injuries to

employees of appellee arising out of and in the course of their employment. Additionally, the policy provided that the appellant would undertake the defense of any suit alleging injury or property damage within coverage even if the allegations of the suit were groundless, false or fraudulent. The court of appeals held that appellant owed appellee a duty to defend the allegations of its employees that they were intentionally injured by appellee because the claim was potentially or arguably within the policy coverage — the issue in conflict herein.

This court recently addressed the issue in conflict in *Wedge Products, Inc.* v. *Hartford Equity Sales Co.* (1987), 31 Ohio St. 3d 65, 31 OBR 180, 509 N.E. 2d 74. Confronted with the same policy language used in the cause *sub judice,* this court held in the syllabus that "an intentional tort allegedly committed by an employer against its employee is not covered by an insurance policy which provides protection for bodily injuries *'neither expected nor intended'* by the employer." (Emphasis added.) This court proceeded to find that the defendant-insurer had no duty to defend the plaintiff-insured under the terms of the policy. In reaching this conclusion, the court did consider our decision in *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, 9 OBR 463, 459 N.E. 2d 555, syllabus, wherein we held: "Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

The *Wedge Products* decision distinguished *Willoughby Hills* by stating at 68, 31 OBR at 182, 509 N.E. 2d at 76: "As in *Willoughby Hills,* Hartford's policy states that its duty to defend exists 'even if any of the allegations of the suit are groundless, false or fraudulent * * *.' *Willoughby Hills,* however, does not require a defense where the complaint contains no allegation that states a claim 'potentially or arguably within the policy coverage.' There is no doubt here. No theory of recovery within the policy coverage has been pleaded regardless of whether the allegations are true, false, fraudulent or groundless. Thus, Hartford has no duty to defend either action."

We find the decision in *Wedge Products* to be dispositive of the issue in conflict in the present case as to whether appellant owed appellee a duty to defend the allegations of its employees that they were intentionally injured by appellee. *Wedge Products* is on point.

Accordingly, we reverse the judgment of the court of appeals and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. The insurer in this action expressly agreed to defend its insured against any suit alleging injury or property damage even if the allegations of the suit were groundless, false or fraudulent. Given this agreement, the insurer cannot escape its obligation to defend merely by demonstrating that the conduct which is the subject of the underlying suit was outside coverage. By promis-

ing to defend such suits even where the allegations thereof are groundless, false or fraudulent, the insurer has represented to its insured that it will undertake the defense of any claim regardless of the true facts. See *Preferred Risk Ins. Co.* v. *Gill* (1987), 30 Ohio St. 3d 108, 30 OBR 424, 507 N.E. 2d 1118, paragraph two of the syllabus; *Wedge Products, Inc.* v. *Hartford Equity Sales Co.* (1987), 31 Ohio St. 3d 65, 68-69, 31 OBR 180, 182-183, 509 N.E. 2d 74, 76-77 (Douglas, J., concurring in part and dissenting in part). As evidenced by the decision today, this court continues to misunderstand the import of this policy language and of our holding in *Gill.*

An issue raised in this case and decided by both the trial court and the court of appeals, but ignored by the majority opinion herein, is that of the so-called dual capacity doctrine. There is no second capacity under these facts calling for application of the dual capacity doctrine. Appellee's sole capacity here with regard to the injured parties is that of employer. The alleged second capacity, that of occupier of the premises on which the employees were injured, does not justify application of the dual capacity doctrine, as that second "capacity" is not one "that confers upon it traditional obligations *unrelated to and independent of those imposed upon it as an employer.*" (Emphasis added.) *Guy* v. *Arthur H. Thomas Co.* (1978), 55 Ohio St. 2d 183, 9 O.O. 3d 138, 378 N.E. 2d 488, syllabus. Reduced to its essentials, the portion of the underlying complaint claiming the existence of a dual capacity alleges that the employer negligently failed to ensure that the premises were safe. This court has expressly rejected the theory that an employer may assume a second capacity as an occupier of land such that the dual capacity doctrine may be applied. *Freese* v. *Consolidated Rail Corp.* (1983), 4 Ohio St. 3d 5, 4 OBR 5, 445 N.E. 2d 1110. Providing a safe place to work is an integral component of an employer's obligations toward its employees. See R.C. 4101.12. That the employer herein, as occupier, may have owed a similar obligation toward frequenters to make the premises safe is irrelevant, since that obligation *with regard to its employees* is intimately related to the responsibilities imposed on appellee *as an employer.* To recognize the possibility of a second capacity in these circumstances creates a situation where every employer which provides a work site for its employees is operating in dual capacities, that of employer and occupier of the premises, such that the employer may be sued by an employee injured at the work site regardless of the immunity conferred by R.C. 4123.74. See *Freese, supra,* at 11-12, 4 OBR at 10-11, 445 N.E. 2d at 1115-1116.

Of course, as explained *supra,* the fact that the allegation of a dual capacity is groundless does not relieve appellant of its duty to defend its insured. Even where the conduct alleged is potentially outside policy coverage, the duty to defend still attaches, since the insurer expressly agreed to undertake the defense of any claim even where the allegations thereof were "groundless, false or fraudulent."

Accordingly, I dissent in that I would affirm the judgment of the court of appeals, and find that the appellant has a duty to defend appellee against both claims alleged in the underlying lawsuit.