**United States Fidelity & Guar. Co.**
**v.**
**Dallas Home Builders, Inc.**
*[Cite as 7 AOA 467]*

*Case No. 90AP-435*
*Franklin County, (10th)*
*Decided October 16, 1990*

*Thomas J. Keener, Wiles, Doucher, Van Buren & Boyle Co., L.P.A., for Appellant.*

*Charles B. Mills, Daniel J. Hunter and Douglas L. Hertlein, Thompson, Hine and Flory, for Appellees, Dallas Home Builders, Inc., and Joseph Schottenstein.*

*James J. Marlin, Jr., for Appellees, John and Janna Witherspoon.*

HARSHA, J.

This is an appeal from a judgment entered by the Franklin County Court of Common Pleas declaring that United States Fidelity and Guaranty Company ("USF&G"), plaintiff-appellant, has a duty to defend Dallas Home Builders, Inc, and its executive officer Joseph Schottenstein, defendants-appellees, in a separate action filed by John and Janna Witherspoon against appellees in Franklin County Common Pleas Court No. 87CV-10-6413. The trial court determined that USF&G's duty to defend appellees arose from a comprehensive general liability insurance policy issued to appellees by USF&G, and further determined that appellees were entitled to reasonable

attorney fees incurred by them in defending against USF&G's declaratory judgment action.

USF&G assigns the following errors:

"1. THE TRIAL COURT ERRED IN ITS FINDING THAT THE INSURANCE POLICY ISSUED BY USF&G PROVIDED A DUTY TO DEFEND AS TO THE SECOND CLAIM OF THE WITHERSPOON COMPLAINT, AND THUS ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS DALLAS HOME BUILDERS, INC. AND JOSEPH SCHOTTENSTEIN ON THAT ISSUE AND ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF UNITED STATES FIDELITY AND GUARANTY COMPANY ON THAT ISSUE.

"2. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS DALLAS HOME BUILDERS, INC. AND JOSEPH SCHOTTENSTEIN AS TO THE CLAIM FOR AN AWARD OF ATTORNEY'S FEES FOR THE PROSECUTION OF THE DECLARATORY JUDGMENT SUIT, AND ERRED IN DENYING THE MOTION OF PLAINTIFF UNITED STATES FIDELITY AND GUARANTY COMPANY REGARDING THE SAME ISSUE."

On August 8, 1986, appellee Dallas Home Builders, Inc., entered into a contract with John and Janna Witherspoon whereby it agreed to construct, and the Witherspoons agreed to purchase, a single family residence in Columbus, Ohio. Upon completion of construction, the Witherspoons took possession of the home in April 1987. On June 3, 1987, a portion of the residence's basement wall collapsed. On October 8, 1987, the Witherspoons filed a complaint in Franklin County Common Pleas Court No. 87CV-10-6413, naming appellees as defendants. On or about August 23, 1988, the Witherspoons filed a proposed amended complaint, setting forth fourteen designated claims for relief against appellees, including claims in Count II for damage to the structure and, in Count III, for damage to its contents. The basis for both claims was the alleged negligence of Dallas in providing for drainage of the lot and foundation, improper design and construction of the walls, and/or inferior materials and workmanship.[1]

Appellees gave USF&G notice of the Witherspoons' suit and requested that USF&G defend the suit on the basis that their fourteen claims for relief were covered by USF&G's insurance policy. USF&G undertook appellees' defense of the Witherspoons' suit. However, it did so under a reservation of its right to contest any claimed duty to defend, stating that the third claim for relief was within the insurance policy's coverage but that the other thirteen claims, including the second claim, were not.

On November 1, 1989, appellees, through USF&G's attorneys, filed an amended third-party complaint in Franklin County Common Pleas Court No. 87CV-10-6413, which alleged that the Witherspoons' basement wall collapsed because of pressure from water draining onto their property from a neighbor's house. They alleged that the collapse resulted from third-party defendants Deluxe Homes, Inc., and Deluxe Homes of Columbus, Inc.'s negligent grading and negligent covering of a catch basin and/or a storm drain during the course of grading the Witherspoons' neighbor's property.

On January 17, 1989, USF&G filed a separate complaint, naming appellees and the Witherspoons as defendants, which prayed for a judgment declaring that the insurance policy issued by USF&G to appellee Dallas Homes Builders, Inc., provided liability insurance coverage only for the allegations of the Witherspoons third claim in their proposed amended complaint. Appellees subsequently filed an answer which stated that USF&G had a continuing duty to defend them in the Witherspoons' suit.

On April 8, 1989, appellees, through USF&G's attorneys, reached a settlement concerning the Witherspoons third claim of their complaint. The Witherspoons received $6,080.61 in return for voluntarily dismissing such claim against appellees, which they did on April 13, 1989. Subsequently, USF&G and appellees filed cross-motions for summary judgment in USF&G's declaratory judgment action. On November 30, 1989, the trial court issued a decision which granted USF&G's motion for summary judgment on all the remaining claims in the Witherspoons' proposed amended complaint, except for the Witherspoons' second claim, for which the court found that USF&G had a duty to defend appellees. The trial court reached this conclusion, notwithstanding the fact that it determined that the Witherspoons' complaint itself would not have given rise to USF&G's duty to defend. The trial court concluded that USF&G had a duty to defend based

primarily upon the allegations of appellees in their third-party complaint. As noted above, this third-party action raised the claim that the negligence of Deluxe Homes, Inc., and Deluxe Homes of Columbus, Inc., resulted in the collapse of the Witherspoons' basement wall.

The trial court also determined that appellees were not entitled to costs and attorney fees in defending against USF&G's declaratory judgment action. Subsequently, however, the trial court granted appellees' motion for partial reconsideration and awarded appellees reasonable attorney fees without setting the particular amount awarded. The parties later agreed that reasonable attorney fees were $7,500 and that appellees' additional expenses of litigation were $169.65. On April 16, 1990, the trial court filed an amended final judgment entry, and USF&G filed a timely appeal from that entry to this court.

USF&G's first assignment of error asserts that the trial court erred in its finding that its insurance policy provided a duty to defend against the second claim of the Witherspoons' proposed amended complaint. USF&G essentially contends that the trial court erroneously extended the applicable law set forth in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177.

Where the insurer has promised in the insurance policy to defend against any suit against the insured alleging injury within coverage, even if such suit is groundless, false or fraudulent (as the subject policy issued by USF&G provides), the duty to defend is governed by the syllabus of *Willoughby Hills,* *supra,* which states as follows:

"Where the insurer's duty to defend is not apparent from the *pleadings* in the action against the insured, but the allegations do state a claim which is *potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded,* the insurer must accept the defense of the claim." (Emphasis added.)

The trial court determined that the Witherspoons' second claim for relief did not, by itself, satisfy the *Willoughby Hills* syllabus so as to require USF&G to defend appellees against the Witherspoons' suit. However, based upon additional language in the *Willoughby Hills* decision, at 180, to the effect that "*** the 'scope of the allegations' may encompass mat-

ters well outside the four corners of the pleadings[,]" the trial court considered appellees' third-party complaint in resolving the issue in favor of appellee Dallas Home Builders. USF&G asserts that, pursuant to the subsequent Ohio Supreme Court decision in *Zanco, Inc. v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St. 3d 114, the trial court's consideration of appellees' third-party complaint in the underlying tort action was erroneous. We agree.

In *United States Fire Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1986), 31 Ohio App. 3d 270, at 271-272, this court noted as follows:

"*Zanco, Inc. v. Michigan Mut. Ins. Co., supra,* is a *per curiam* decision in which the Supreme Court found that no duty to defend existed. The case turned upon a finding that *at least two policy exclusions applied to the counterclaim under consideration, thereby taking the allegations in the counterclaim outside the coverage provided.* The majority opinion reaffirmed the syllabus in *Willoughby Hills* as applicable law.

"With this legal structure in place, the particular complaint filed against USC must be reviewed to see if a claim 'potentially or arguably within the policy coverage' is present. *The review must take into consideration any specific exclusions in the policy issued by St. Paul.*" (Emphasis added.)

The pertinent exclusions found in the policy issued by USF&G to Dallas are as follows:

"Exclusions

"This insurance does not apply:

"***

"(n) to property damage to the Named Insured's products arising out of such products or any part of such products;

"***

"VI. ***

"***

"(iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured;

"(3) *** to property damage to work performed by the named insured arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith."

The underlying question we are asked to determine is how far afield may a trial court go in finding that the pleadings present a claim that is arguably or potentially within the

policy's coverage. The "business risk" exclusions found in USF&G's policy clearly indicate that, as in *Zanco, supra,* at 116, the insurance policy was "*** never intended to insure the integrity or quality of [the] product. ***"

Similarly, no duty to defend an insured can be "arguably or potentially" present based upon the third-party claim filed in this action. The third-party complaint alleged negligence by an adjacent builder. The claim of the insureds that the damage to Witherspoons' wall was caused by somebody else does not and cannot bring the tatter within tile policy provisions. It boggles the mind, not to mention the effect on risk analysis, to hold that an insurance company has a contractual duty to defend an insured for negligent conduct engaged in by an unrelated third party.

Appellees' argument that the insured must be given any benefit of doubt in determining coverage under *Willoughby Hills* is misplaced. The trial court should only go beyond the four corners of the pleadings when "there is some *doubt* as to whether a theory of recovery within the policy coverage has been pleaded ***." Indeed, recently, the Ohio Supreme Court has explicitly held as follows:

"As in *Willoughby Hills,* Hartford's policy states that its duty to defend exists 'even if any of the allegations of the suit are groundless, false or fraudulent ***.' *Willoughby Hills, however, does not require a defense where the complaint contains no a legation that states a claim potential or arguably within the policy coverage.'* There is no doubt here. No theory of recovery within the policy coverage has been pleaded, regardless of whether the allegations are true, false, fraudulent or groundless. Thus, Hartford has no duty to defend either action. See *Zanco, Inc. v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St. 3d 114, 11 OBR 413, 464 N.E. 2d 513." *Wedge Products, Inc. v. Hartford Sales Co.* (1987) 31 Ohio St. 3d 65, at 68. (Emphasis added.)

There is no doubt here as to the theory of recovery in the complaint. The tort claimants' second claim alleged that appellees negligently provided for lot drainage, negligently provided for foundation drainage, negligently and improperly designed and constructed the basement walls, and negligently used inferior material and workmanship in the construction of the basement walls. Just as clearly, the insurance coverage did not apply to "*** property damage to the Named Insured's products arising out of such products or any part of such products," any property "the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured," and "*** property damage to work performed by the named insured arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith."

Furthermore, it would appear illogical and somewhat inequitable that an insured could force an insurance company to defend a tort action that does not, itself, allege claims within the insurance policy's coverage by the mere filing of a third-party complaint by the insured. Accordingly, based on *Willoughby Hills, supra,* as further clarified in *Zanco, Wedge Products,* and *VIP Development, Inc. v. Cincinnati Ins. Co.* (1987), 32 Ohio St. 3d 337, the trial court erred in determining that USF&G had a duty to defend appellees against the second claim of the tort claimants' amended complaint. Appellant's first assignment of error is sustained.

USF&G's second assignment of error asserts that the trial court erred in granting appellees' motion for summary judgment on their claim for an award of attorney fees in defending against USF&G's declaratory judgment action. USF&G argues that the trial court erred in granting reasonable attorney fees to appellees for their defense of USF&G's declaratory judgment action because (1) USF&G had no duty to defend appellees in the Witherspoons' tort action for the reasons stated in its first assignment of error, and (2) USF&G *did* actually defend appellees in the underlying tort action, albeit under a reservation of rights.

A liability insurer must pay its insured's legal fees and expenses to defend the insured claim and enforce the indemnity contract if it refuses to provide the defense required by the policy. *Turner Constr. Co. v. Commercial Union Ins. Co.* (1985), 24 Ohio App. 3d 1; *Willoughby Hills v. Cincinnati Ins. Co.* (1986), 26 Ohio App. 3d 146; *cf.,* also, *Allen v. Standard Oil Co.* (1982), 2 Ohio St. 3d 122. The insured is entitled to recover expenses and attorney fees in defending against an unsuccessful declaratory judgment action prosecuted by the insurer. Cf., *Willoughby Hills, supra.*

Although we note parenthetically that it would appear unwarranted to deny reasonable attorney fees to an insured's successful defense of a declaratory judgment action simply because

the insurer actually provided a defense in the underlying action, we need not address this issue. Pursuant to our disposition of USF&G's first assignment of error, we held it did not have a duty to defend appellees against the second claim of the Witherspoons' amended complaint. Hence, appellees were not entitled to an award of attorney fees. Accordingly, for all of the foregoing reasons, appellant's second assignment of error is sustained, and the judgment entered by the trial court with respect to the issues presented in the base at bar is reversed.

*Judgment reversed.*

REILLY, P.J., and BOWMAN, J., concur.

HARSHA, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.

---

[1] The second and third claims of the proposed amended complaint read as follows:

"*Second Claim*

"6. For their second claim, Plaintiffs incorporate each and every allegation of the first claim by reference.

"7. Further, Plaintiffs say that on or about June 3, 1987, parts of the north and south basement walls and the entire east basement wall collapsed, which collapse was the direct and proximate result of the *negligence* of the corporate Defendant:

"A. in improperly providing for lot drainage, and/or;

"B. in improperly providing for foundation drainage, and/or;

"C. in the improper design and construction of the basement walls and/or;

"D. in the use of inferior material and workmanship in the construction of the basement walls.

"8. Further, Plaintiffs say that they duly notified the corporate Defendant of the structural failure, but that the Defendant breached its warranties by failing to promptly repair the damage which necessitated that Plaintiffs move from the residence and incurred expenses while out of the home, all to Plaintiff's loss. Further, the basement walls will require further work to make them structurally adequate, all to Plaintiff's loss in the amount of $20,000.00.

"*Third Claim*

"9. For their third claim, Plaintiffs incorporate each and every allegation of claims 1 and 2 by reference.

"10. Further, Plaintiffs say that as a direct and proximate result of Defendant's breach of contract and negligence, Plaintiff's appliances, clothing, linens and other items stored and placed in the basement were wholly destroyed and lost all to Plaintiff's loss in the amount of $5,174.99." (Emphasis added.)