**Michael A. CLAUDER, Plaintiff,**

v.

**HOME INSURANCE COMPANY, Defendant.**

**No. C–1–91–431.**

United States District Court, S.D. Ohio, W.D.

Jan. 6, 1992.

Robert Clark Neff, Jr., Amy W. Larson, James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co., Cincinnati, Ohio, for plaintiff.

Michael Joseph Zavatsky, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant.

## ORDER REGARDING CROSS–MOTIONS FOR PARTIAL SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before this Court for consideration of cross-motions for partial summary judgment (doc. 2, doc. 4 and doc. 13). Appropriate responses and replies have been filed (doc. 14 and doc. 15). This Court heard oral arguments on December 6, 1991. For the reasons set forth below, we hereby grant plaintiff's motion for partial summary judgment. The defendant's motion for partial summary judgment is denied.

### BACKGROUND

In early 1990, Mr. Clauder, an attorney, purchased a comprehensive professional liability insurance policy from Home Insurance Company ("Home"). The policy provides that Home will pay sums (in excess of the deductible) that Mr. Clauder becomes legally obligated to pay as a result of claims "arising out of the rendering or failure to render professional services for others in the Insured's capacity as a lawyer or notary public." Ex. A to Clauder Affidavit at 1, attached to doc. 4. The policy further provides:

Section C—Exclusions

This policy does not apply:

. . . . .

(h) to any claim based upon or arising out of the work performed by the Insured, with or without compensation,

with respect to any corporation, fund, trust, association, partnership, limited partnership, business enterprise or other venture, be it charitable or otherwise, of any kind or nature in which any Insured has any pecuniary or beneficial interest, irrespective of whether or not an attorney-client relationship exists, unless such entity is named in the Declarations. For purposes of this policy, ownership or shares in a corporation shall not be considered a "pecuniary or beneficial interest" unless one Named Insured or members of the immediate family of the Named Insured own(s) 10% of the issued and outstanding shares of such corporation;

Ex. A to Clauder Affidavit at 5, attached to doc. 4.

On May 24, 1990, Hariette Williams Downey initiated a civil action against Mr. Clauder and his law firm captioned *Downey v. Clauder*, Case No. C-1-90-413. In that action, Mrs. Downey claimed that Mr. Clauder, as her attorney, counsel for her late husband's estate, and co-trustee of her trust, breached his fiduciary duty to her and committed legal malpractice by selling the James R. Williams Investment Company ("JRWIC"), a valuable business she stood to inherit, to the Inter-Continental Management Company ("ICMC"), a company Mr. Clauder substantially owned and controlled. Specifically, Mrs. Downey claims that Mr. Clauder sold JRWIC at a price below market value and in exchange for an unsecured promissory note Mr. Clauder signed on behalf of his insolvent company while Mrs. Downey did not fully understand the legal and financial consequences of the sale, Mr. Clauder's personal and financial interest in the sale, or her need for independent counsel.

When Mr. Clauder became aware of the action against him, he notified Home. Mr Clauder further complied with all conditions precedent under the terms of the insurance contract with Home. Home denied coverage, and refused to assume Mr. Clauder's defense. Mr. Clauder retained counsel at his own expense.

On June 26, 1991, Mr. Clauder instituted the instant action against Home Insurance. In his complaint, Mr. Clauder states three claims: (1) that Home wrongfully refused to defend him in the action brought by Mrs. Downey; (2) that Home wrongfully refused coverage under the insurance contract; and (3) that Home breached its duty of good faith to Mr. Clauder by willfully and maliciously failing to satisfy Home's contractual obligations to Mr. Clauder. Doc. 1 at 3-4. Mr. Clauder now moves for summary judgment in his favor on count I of his complaint (failure to defend). Home now moves for summary judgment in its favor on count I (failure to defend) and count II (denial of coverage) of the complaint.

## STANDARD

The narrow question that we must decide on a motion for summary judgment is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Fed.R.Civ.P. 56(c) ). Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.*

We are further guided by the Supreme Court's relatively recent elaboration of this standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## DISCUSSION

■ Where a complaint against an insured contains allegations which are "potentially or arguably within the policy coverage or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded," the insurer must defend the claim. *Willoughby Hills v. Cincinnati Insurance Co.*, 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, syllabus (1984). Conversely, where the complaint fails to contain a claim "potentially or arguably within the policy coverage" because the claim is specifically excluded from coverage, the insurer has no duty to defend. *Zanco, Inc. v. Michigan Mutual Insurance Co.*, 11 Ohio St.3d 114, 11 OBR 413, 464 N.E.2d 513 (1984); *see also VIP Development, Inc. v. Cincinnati Insurance Co.*, 32 Ohio St.3d 337, 513 N.E.2d 730 (1987) and *Wedge Products, Inc. v. Hartford Equity Sales Co.*, 31 Ohio St.3d 65, 31 OBR 180, 509 N.E.2d 74 (1987). Any ambiguity in an insurance contract must be construed against the drafter. *King v. Nationwide Insurance Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988).

■ In the case at bar, the plaintiff contends that Mrs. Downey's complaint against Mr. Clauder is one for legal malpractice. Since his professional liability policy covers claims for legal malpractice, the complaint contains claims potentially within the policy coverage. Therefore, Home has a duty to defend him against Mrs. Downey's claims.

The defendant in this case asserts that, although the Downey complaint is not simply reducible to legal malpractice, it contains claims arguably within the coverage section of Mr. Clauder's insurance policy. However, exclusion (h) clearly applies to the claims against Mr. Clauder. Therefore, since Mrs. Downey's claims against Mr. Clauder are specifically excluded from coverage under the policy, Home has no duty to defend nor indemnify Mr. Clauder.

There is no dispute that the claims asserted against Mr. Clauder are within the coverage section of the insurance policy. However, the parties disagree as to whether Mrs. Downey's claims are removed from coverage by exclusion (h). Exclusion (h) applies to "any claim based upon or arising out of the work performed by the Insured, ... with respect to any corporation, fund, [or] trust ... of any kind or nature in which any Insured has any pecuniary or beneficial interest, irrespective of whether or not an attorney-client relationship exists...." Ex. A to Clauder Affidavit at 5, attached to doc. 4.

Mrs. Downey has stated claims for breach of Mr. Clauder's fiduciary duty to her and for legal malpractice. Clearly, her claims are "based upon or arising out of work performed by the Insured." Also, Mr. Clauder has a "pecuniary or beneficial interest" in ICMC as defined in the policy. After the sale of JRWIC to ICMC, Mr. Clauder has a "pecuniary or beneficial interest" in JRWIC as well.

The issue, then, is whether Mrs. Downey's claims are based on work performed "with respect to" a corporation or fund in which Mr. Clauder had a pecuniary interest. We conclude that, at least arguably, they are not. Mr. Clauder, prior to the sale of JRWIC, had two obligations—the obligation owed to Mrs. Downey and the obligation owed to the companies in which he had a pecuniary interest. Mrs. Downey

initiated the action against Mr. Clauder and his law firm claiming that he breached his duty to her. It is the obligation Mr. Clauder owed to Mrs. Downey rather than the obligation Mr. Clauder owed to his companies that provides the basis for the action against him. Mrs. Downey is suing Mr. Clauder because he allegedly permitted his association with ICMC to cloud his professional and ethical judgment *while he performed services on behalf of Mrs. Downey.* Therefore, Mrs. Downey's claims do not clearly apply to work performed "with respect to" corporations or funds in which Mr. Clauder has a pecuniary or beneficial interest, and exclusion (h) does not clearly exclude Mrs. Downey's claims from coverage.

Because the complaint against Mr. Clauder contains allegations which are potentially or arguably within policy coverage, Home must defend him against those claims. Accordingly, the plaintiff's motion for partial summary judgment is hereby granted. The defendant's motion for partial summary judgment is hereby denied, and Home Insurance Company is hereby ordered to assume the defense of the *Downey* action and to pay all costs of defense incurred to date.

SO ORDERED.