JOURNAL ENTRY AND OPINION
Plaintiff-appellant Sandra Geraci (appellant) appeals from the judgment of the Cuyahoga County Court of Common Pleas which found in favor of defendant-appellee State Farm Insurance Co. (appellee) on appellant's request for a declaration of rights and found that appellee had no duty to defend or indemnify party-defendants Walter R. Conte, Jr. and Susan L. Conte under a policy of insurance issued by appellee on appellant's claims against them. For the reasons stated below, we affirm.
On September 6, 1996, appellant commenced the within action by which she sought to represent a class of individuals who had been invited to and attended swimming parties at the home of Susan and Walter Conte, then principal of Charles F. Brush High School. The complaint contained allegations that Walter Conte installed a peephole by use of a one-way mirror and a video camera in a peeping room of his home where he required these individuals to change clothes and, in violation of their privacy, spied upon them and videotaped them. Appellant claimed this invasion of privacy caused emotional distress and asserted claims of negligence against both Walter and Susan Conte. Appellant further asserted claims for reckless disregard for student safety and negligent hiring and supervision against the South Euclid-Lyndhurst Board of Education. On November 6, 1996 and November 15, 1996, respectively, the South Euclid-Lyndhurst Board of Education and the Conte defendants filed motions for dismissal of appellant's claims against them pursuant to Civ.R. 12(B)(6) which were granted by the trial court on April 2, 1997. On appeal in Geraci v. Conte (June 18, 1998), Cuyahoga App. No. 72440, unreported, this court affirmed dismissal of the action as to the Board of Education but reversed the dismissal of the case as to the Conte defendants. Appeal was taken to the Ohio Supreme Court and, in Geraci v. Conte (1998), 83 Ohio St.3d 1461, the supreme court dismissed the matter which was then returned to the trial court. Upon remand, on December 24, 1998, appellant filed an amended complaint by which she asserted a claim pursuant to R.C. Chapter 2721 seeking a declaration that new party defendant-appellee State Farm Fire and Casualty Co. was obligated to defend and indemnify the Conte defendants within the terms of their homeowner's policy of insurance. By agreement of the parties, the court considered the declaratory claim prior to ruling on appellant's motion for class certification. The declaratory issue was briefed and on November 24, 1999, the trial court entered judgment in favor of appellee State Farm on its motion for summary judgment by finding that appellee has no duty to defend or indemnify defendants Conte (Walter/Susan) with respect to plaintiff's claims, invasion of privacy, infliction of emotional distress and negligence, or any other claims arising from the subject incident (i.e., Peeping[-]tom activities). On November 30, by agreement of the parties, the Conte defendants were dismissed pursuant to Civ.R. 41(A)(2) without prejudice. This timely appeal follows by which appellant advances a single assignment of error for our review.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO STATE FARM AND FINDING THAT STATE FARM HAS NO DUTY TO DEFEND AND INDEMNIFY THE CONTE DEFENDANTS WITH RESPECT TO PLAINTIFFS' CLAIMS.
Appellant argues that the trial court erred in denying coverage to the Conte defendants with respect to her claims against them. Specifically, appellant complains that her claims are covered by the policy because the exclusions relied upon by appellee do not apply in this case.
This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. We apply the same test as a trial court which test is set forth in Civ.R. 56(C) and specifically provides that before summary judgment may be granted it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
Moreover, it is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,91 L.Ed.2d 265, 106 S.Ct. 2548; Dresher v. Burt (1996), 75 Ohio St.3d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359. In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Dresher, supra; Celotex, supra at 322.
The question of whether an insurer has a duty to defend is a question of law. Heritage Mutual Ins. Co. v. Ricart Ford, Inc. (1995),105 Ohio App.3d 261, 266. Therefore, we review the decision of the trial court de novo. Harris, Jolliff Michel, Inc. v. Motorists Mut. Ins. Co. (1970), 21 Ohio App.2d 81. Chiropractic Clinic of Solon v. National Chiropractic Mut. Ins. Co. (Dec. 10, 1998), Cuyahoga App. No. 73584, unreported. The test for an insurer's duty to defend is the scope of the allegations of the complaint against the insured; the duty exists if the complaint brings the action within coverage regardless of the ultimate outcome. Motorists Mutual Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41, paragraph 2 of the syllabus; Ins. Co. of N. Am. v. Travelers Ins. Co. (1997), 118 Ohio App.3d 302, 312. Further, an insurer has a duty to defend if the "allegations do state a claim which is potentially or arguably within the policy coverage." Sanderson v. Ohio Edison Co. (1994), 69 Ohio St.3d 582, 585-586, quoting Willoughby Hills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, 180. Conversely, an insurer is not obligated to defend where a complaint contains no allegation that states a claim potentially or arguably within the policy coverage. VIP Development, Inc. v. Cincinnati Ins. Co. (1987), 32 Ohio St.3d 337, 338. Finally, although the duty to defend can be made even more expansive by the insurer's promise in the policy to defend the insured even against claims which are "groundless, false, or fraudulent but would be insured if proven true," Ohio Casualty Ins. Co. v. Joseph Sylvester Construction Company, (Sept. 30, 1991), Trumbull App. No. 90-T-4439, unreported, it is undisputed that the policy in this matter does not contain such an expansive provision.
The central question in the matter before us is whether appellant's complaint contains claims which are potentially or arguably within the insurance policy coverages thereby requiring a duty to defend of appellee.
Insurance contracts are to be construed as other contracts. Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657. Construction of contract is a matter of law. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241. Where the terms of a contract are clear and unambiguous, summary judgment proceedings are appropriate. Inland Refuse Transfer Co. v. Browning-Ferris Indus. Of Ohio Inc. (1984), 15 Ohio St.3d 321. Courts must give the contract reasonable construction in conformity with the parties' intent which intent is to be determined by the words of the contract. Dealers Dairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336. With these propositions of law in mind, we look to the words of the policy of insurance before us.
As relevant to the issues on appeal, the policy at issue here provides in pertinent part:
 If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 1. Pay up to our limit of liability for the damages for which the insured is legally liable; and
 2. Provide a defense at our expense by counsel of our choice * * *.
The definitions of those terms relevant to our analysis are as follows:
 Occurrence when used in * * * this policy, means an accident, including exposure to conditions which results in:
a. bodily injury; or
b. property damage;
 during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.
 Bodily injury means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.
Bodily injury does not include:
* * *
 c. Emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.
(Emphasis added.)
Further, the policy exclusions pertinent to this appeal are provided as follows:
Liability Insurance does not apply to:
a. bodily injury or property damage:
 (1) which is either expected or intended by an insured; or
 (2) to any person or property which is the result of willful and malicious acts of an insured; * * *
In this case, appellant's claims arise from the deliberate acts of Walter Conte in which he orchestrated a scheme of both video and audio voyeurism upon victims invited into his home. The record demonstrates that Walter Conte claimed that he did not subjectively intend to injure his victims, even though he admitted that he intentionally engaged in criminal voyeuristic activities on at least one other occasion.
Appellant argues that this matter is governed by syllabus law announced in Physicians Ins. Co. v. Swanson (1991), 58 Ohio St.3d 189, which stated that [i]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended. Thus, appellant contends because Walter Conte deposed that he did not intend to injure his victims the exclusion does not apply. On the other hand, appellee asserts that the decision of Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34 is controlling in this case. We find that the circumstances creating the expectation of injury in Swanson to be distinguishable from those in the matter sub judice. As the Gearing court found [e]ven though all the evidence pointed to the conclusion that Swanson meant to shoot the gun, his act of shooting the gun at a distance seventy to one hundred feet away from the ultimate victim could not be said to necessarily result in personal injury, particularly in light of his testimony that he was aiming elsewhere. Gearing, id. at 39.
We find the reasoning set forth in Gearing to be more applicable to the circumstances of Conte's activities. In Gearing, the insured filed a declaratory judgment action against his homeowner's insurance company seeking a defense and indemnification for damages resulting in his sexual molestation of neighborhood girls. The trial court granted judgment in favor of the insurer. The court of appeals affirmed, holding that the incidents fell within an intentional injury exclusion of the policy. Our supreme court affirmed, distinguishing the holding of Physicians Ins. Co. v. Swanson. The Gearing court stated that [t]his court has long recognized that Ohio public policy generally prohibits obtaining insurance to cover damages caused by intentional torts. [Citations omitted.] Thus, inherent in a policy's definition of `occurrence' is the concept of an incident of an accidental, as opposed to an intentional, nature. [Citation omitted.] See, also, Keeton Widiss, Insurance Law (1988) 497-499, Section 5.4(a) (`[C]ourts frequently have held that even in the absence of express provision, insurance contracts only provide coverage for accidental losses.' Id. at 498.). Liability insurance does not exist to relieve wrongdoers of liability for intentional, antisocial, criminal conduct. Gearing, supra at 38. (Emphasis in original.)
A review of the record leads us to conclude, as did the court in Gearing, that there was nothing accidental about the voyeuristic activities conducted by Walter Conte, a high school principal, who carried out a plan to view his students while they were undressing in a peeping room which he installed in his home. As in Gearing, we find that the harm which resulted from these activities is the result of the deliberate exercise of free will upon innocent and vulnerable victims. Gearing, supra at 38. Therefore, we find that Walter Conte's intentional acts do not constitute occurrences for purposes of determining liability insurance coverage.
Moreover, in her opposition to appellee's motion for summary judgment, appellant identified her singular claimed damage from these events as a bodily injury consisting of the sickness which she suffered upon learning of Walter Conte's voyeuristic activities. In her complaint appellant's claimed damages included embarrassment, humiliation, pain, suffering, grief, mental anguish, emotional distress, and damage to both feelings and reputation. During her discovery deposition, appellant conceded that neither Conte defendant caused injury to her by physical contact. However, the record demonstrates that appellant claimed at deposition that the Conte defendants caused her emotional distress, which manifested itself in the form of sickness.
Appellant deposed as follows:
 Question: Are you claiming that they caused you emotional distress?
Appellant: Yes, I am.
 Question: And how have you suffered emotional distress?
 Appellant: When I found out that this happened, and I first found out about it, read about it, I got deathly sick. I started throwing up, I had bad headaches, I got depression from this. I have gained all kinds of weight.
 Question: That's all because of the emotional distress is what you're saying?
Appellant: All because of this.
A plain reading of the clear and unambiguous terms of the policy as set forth above reveals that emotional distress, mental anguish, humiliation and mental injury are not covered injuries unless these sicknesses arise out of an actual physical injury to some person. In this case no physical injury is claimed by appellant. Thus, appellant's physical sickness, which occurred as a result of her emotional distress, is excluded by the unambiguous terms of the policy. Therefore, we find that appellant has suffered no bodily injury as that term is defined in the policy.[1]
Accordingly, we find that appellant has presented no claim for insurable damage in this case.
An insurer has no duty to defend where the acts alleged of an insured fall outside the scope of policy coverage. Gearing, supra at 41, citing Preferred Risk Ins. Co. v. Gill (1987), 30 Ohio St.3d 108, 113. Moreover, appellant has presented no claim for any damage which falls within the scope of the policy coverage. Accordingly, the trial court did not err in its determination that appellee had no duty to defend or indemnify either Conte defendant with respect to appellant's claims arising from the alleged incidents of Walter Conte's voyeurism or the negligence claims as asserted against either Conte defendant.
It is ordered that appellee recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JAMES D. SWEENEY, J. and ANNE L. KILBANE, J., CONCUR.
[1] The record demonstrates that appellant suffered no property damage and made no claim for property damage in this matter.