### RUFFIN

v.

### SAWCHYN et al.; Davis et al., Appellees; Nationwide Insurance Company, Appellant.

[Cite as *Ruffin v. Sawchyn* (1991), 75 Ohio App.3d 511.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58891.

Decided Aug. 12, 1991.

*Dale Friedland,* for defendants and third-party plaintiffs-appellees Murray Davis and Taylor Road Associates.

*Timothy D. Johnson* and *Gregory E. O'Brien,* for third-party defendant-appellant Nationwide Insurance Co.

JAMES D. SWEENEY, Judge.

Third-party defendant-appellant Nationwide Insurance Company ("Nationwide") appeals from the declaratory judgment of the trial court which found that Nationwide had failed to defend a former policyholder in a negligence action. As a result, Nationwide was ordered to indemnify the policyholder for damages awarded in the concluded negligence action, and pay the attorney fees incurred by the policyholder as a result of Nationwide's failure to provide a defense. For the reasons adduced below, we reverse.

The multi-peril comprehensive general liability insurance policy at issue, number 93SM 791 541 0001, was purchased from Nationwide by Taylor Road Associates, Limited for the policy period of November 1, 1980 to November 1,

1983, covering real property located at 2201–2213 Taylor Road, Cleveland Heights, Ohio.[1]

From June to October 1984, plaintiff Deneta Ruffin, a minor at the time, resided at 2205 Taylor Road, Apartment No. 3. During that period, it was alleged, the child ingested lead-based paint chips at the apartment, causing personal injury to the child.

A complaint sounding in tort against the alleged owners of the property was filed by plaintiff, by and through her court-appointed guardian, on July 16, 1985. On October 31, 1985, Davis and Taylor Road Associates, Ltd., filed a third-party complaint against Nationwide and Buckeye Union Insurance Company, seeking a defense by the insurers and indemnification with respect to the claims of Deneta Ruffin. The third-party defendant insurers denied any obligation to provide either a defense or indemnification pursuant to the applicable policy coverage. Nationwide undertook, and later abandoned, representation in the tort action of its former insureds subject to a reservation of its rights.

The court severed the trial of the tort action from the trial of the third-party complaint.

Following a hearing before the bench on the third-party complaint, the trial court issued its six-page judgment entry on October 23, 1987. The court's judgment entry states:

"Nationwide's position is that it had no coverage for an occurrence that took place between June 1 and October 1, 1984; that its policy of insurance had expired in November, 1983.

" * * * There is no dispute about the fact that the Nationwide Insurance coverage had expired on November 30, 1983, more than a year prior to the alleged occurrence, which is the subject matter of the action herein. * * * The attorney for the plaintiff, at the trial hereof, orally asserted that it was the theory of the plaintiff that there was negligence by Davis during the period of the coverage by the Nationwide Insurance Company, although the injury itself did not occur until after the time of the policy.

" * * * *

"Nowhere in the plaintiff's complaint is it alleged that defendant Davis, etc., was negligent during the period of the Nationwide Insurance coverage. The averment "During this time period [June 1, 1984 and ending in October, 1984]

---

1. Murray Davis and Robert Shutts are the general partners of Taylor Road Associates Limited. Davis and the limited partnership are defendants-appellees in this appeal.

*and prior thereto*" does not aver negligence during the period of the said insurance coverage.

"Nationwide Insurance Company contends that it is only liable for defense of an injury 'which occurs during the policy period, except as to death.'

"The applicable policy provides:

" 'The company will pay on behalf of the insured all sums which insureds shall become legally obligated to pay as damages because of bodily injury—caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises.'

"The word 'occurrence' is defined in the policy as follows:

" ' 'An accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damages neither expected nor intended from the standpoint of the insured.'

"Nationwide therefore asserts that an insured 'occurrence' takes place only when an accident results in bodily injury during the policy period, or in this case, between November 1, 1980 and November 1, 1983. Nationwide and counsel further assert that the courts of Ohio have adopted the 'time of damage' as opposed to the 'time of the negligence' theory for the purpose of determining at what point the insurer's duty attaches to provide both a defense and indemnification.

"*This court holds that if a defendant's negligence occurs during a policy period, even though the injury which proximately results therefrom is not sustained until after the termination of the policy, the insurer must provide a defense and indemnification to the insured.* Any other interpretation defies reason, common sense and justice.

"*However, there is no averment in the complaint or the third party complaint that Davis, etc., was negligent during the policy period.*

"Such an averment—an admission of negligence—would hardly be contained in a third party complaint.

"The averment 'prior thereto'—prior to the period 'beginning about June 1, 1984'—embodies time prior to November 1, 1980, when no one contends Nationwide insured the premises.

"*The Court finds and declares that, based on the record herein, Nationwide is not obligated to provide a defense and indemnification as prayed for in the third party complaint filed herein.* [Emphasis added.]

"/s/ *G.J. McMonagle*

"George J. McMonagle, Judge"

In February 1988, the tort action proceeded to trial. On February 26, 1988, the jury returned a verdict in favor of plaintiff, finding all the defendants jointly and severally liable, further awarding $30,000 in compensatory damages and $288,000 in punitive damages. Taylor Road Associates was assessed $72,000 of the punitive damage award. This verdict was journalized on March 1, 1988. Plaintiff and defendants filed notices of appeal for the tort verdict on March 1, 1988. These appeals were voluntarily dismissed pursuant to a settlement between the parties. Nationwide filed a notice of appeal on March 29, 1988, relative to the trial court's judgment entry of October 23, 1989, on the third-party complaint. See *Ruffin v. Sawchyn* (June 1, 1989), Cuyahoga App. No. 55466, unreported, 1989 WL 59247. This court dismissed the Nationwide appeal and remanded the case for journalized rulings on the motion to amend the complaint of plaintiff made during the tort trial and "on any motions to vacate the earlier judgment" for Nationwide "and/or to enter judgment for appellees." *Ruffin v. Sawchyn, supra,* at 5.

On August 2, 1989, Davis and Taylor Road Associates filed with the trial court a "Motion for Journal Entry and Entry of Judgment," seeking (1) the journalization of plaintiff's amendment to her complaint, (2) entry of judgment in favor of Davis and Taylor Road Associates on the declaratory judgment claim seeking a defense and indemnification, (3) judgment against Nationwide for indemnification of Davis and Taylor Road Associates for the outstanding damages awarded totalling $102,000, and (4) indemnification by Nationwide for attorneys fees totalling $41,437.50.

On August 11, 1989, the court, by a *nunc pro tunc* entry, amended the plaintiff's complaint by averring negligence on the part of Davis and Taylor Road Associates.

Nationwide opposed Davis's motion by filing an opposition brief on August 16, 1989. On that same date, Nationwide also filed a motion to declare the judgment satisfied (as a result of plaintiff's settlement with the other defendants) and a motion for journal entry and entry of judgment.

Following oral hearings on these posttrial motions, the court issued a judgment entry on November 9, 1989. The court found that Nationwide had breached its duty to defend the third-party plaintiffs in the tort action and entered judgment against Nationwide. The court also found Nationwide to be liable for payment of the $30,000 in compensatory damages entered against Davis in the tort action and $31,325 as reasonable attorney fees incurred by Davis in providing his own defense. Further, the court found that plaintiff's settlement between the other parties in the tort action did not constitute a

satisfaction of the plaintiff's judgment against Davis.[2]

This timely appeal followed, raising three assignments of error:

## I

"The trial court erred in holding that an insurer has a duty to defend and indemnify its insured when the policy in question specifies that coverage is provided for bodily injuries sustained during the policy period, and it is undisputed that the injuries were suffered after the policy had expired, even if said injuries were alleged to have been caused by an act of negligence committed by the insured during the policy period."

In order to determine whether an insurer has a duty to defend its insured pursuant to a policy of insurance, there must be the potential that the theory of recovery, as pled, is within the policy coverage. See *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555.

The Nationwide policy issued to the third-party plaintiffs contains the following at Section II, Liability Coverage:

"1. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

*"bodily injury* or

"property damage

*"to which this insurance applies,* caused by an *occurrence,* and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises * * *."  (Emphasis added.)

The policy defines "bodily injury" and "occurrence" as follows:

" 'bodily injury' means bodily injury, sickness or disease sustained by any person *which occurs during the policy period,* including death at any time resulting therefrom."  (Emphasis added.)

" 'occurrence' means an *accident,* including continuous or repeated exposure to conditions, *which results in bodily injury* or property damage neither expected nor intended from the standpoint of the insured * * *."  (Emphasis added.)

---

**2.** Appellant's brief mentions a "Memorandum to Counsel" which was issued by the trial judge prior to the November 9, 1989 judgment entry.  Appellant provides an unsigned and undated copy of the memorandum in the appendix of its appellate brief at A–3.  The record does not reflect that the memorandum was journalized.  Thus, it is not part of the record.

Contrary to the appellee's argument, the foregoing language of the policy is clear and unambiguous. The plain intent of the policy was to provide coverage where an "occurrence" causes "bodily injury" and that "injury occurs during the policy period." The policy period expired on November 1, 1983. The injury to plaintiff occurred during the period of her residence at the apartment from June through October 1984. It is patently obvious that the injury occurred well outside the policy period; thus Nationwide was under no obligation to provide a defense or indemnification. See *Gibbons v. Kelly* (1951), 156 Ohio St. 163, 46 O.O. 26, 101 N.E.2d 497, paragraph one of the syllabus; *Zingale v. Am. Sur. Co.* (1957), 105 Ohio App. 16, 5 O.O.2d 273, 146 N.E.2d 317; *Kennerson v. Lima Bargain Ctr.* (Mar. 29, 1990), Allen App. No. 1–88–62, unreported, 1990 WL 35374; *Clapper v. Columbia Mfg. Co.* (July 11, 1989), Hancock App. No. 5–87–41, unreported, 1989 WL 77020.

The first assignment of error is sustained.

Appellant's second and third assignments provide:

## II

"The trial court erred in holding that Nationwide is liable for the $30,000.00 compensatory damage judgment awarded jointly against Taylor Road Associates and the other defendants, since the $55,582.55 settlement payed [*sic*] by Buckeye Union Insurance Company on behalf of the other defendants fully satisfied the judgment."

## III

"The trial court erred in holding that Nationwide is liable to Taylor Road Associates for its attorney's fees of $31,325.00."

Due to our determination that Nationwide had no obligation to provide a defense or indemnify its insured because the injury to plaintiff was outside the coverage of the policy, these assignments are affirmed.

Prior to closing our discussion of this case, we are obliged to briefly review an issue raised in assignment of error number two, even though appellee chose not to address that assignment because its position was not adverse on the issue.

The issue which gives rise to appellant's concern is the settlement between the plaintiff and the other codefendants. This settlement of compensatory and punitive damages applied the settlement sum of $75,000 to the punitive damage portion of the award. The codefendant's insurance carrier funded $55,582.55 of the settlement amount. Appellant alleges that the use of liability insurance proceeds to satisfy a punitive damage award is against

public policy, and that the sum should therefore be applied to the compensatory damages award only. Based on our reasoning in *Casey v. Calhoun* (1987), 40 Ohio App.3d 83, 84–86, 531 N.E.2d 1348, 1349–1350, which determined that punitive damages are not insurable, we are obliged to hold that the settlement is void to the extent that the settlement purports to satisfy the punitive damage award with payments from the codefendant's insurance carrier. The settlement amount provided by that carrier must be applied against the compensatory damage award.

Appellant further maintains that since the codefendant's insurance carrier's settlement payment, which must be applied against compensatory damages, more than covers the compensatory damage amount, the settlement as to the codefendant's releases the appellant as joint tortfeasor from liability on the money judgment. Appellant is correct with regard to being released from paying the compensatory damage award, since that $30,000 award has been fully satisfied. However, the insured appellee is still liable for the $72,000 punitive damage award assessed against it by the jury. The settlement provided as much by specifically not releasing the appellee while settling the claims of the codefendant.

*Judgment reversed.*

DYKE, P.J., and ANN McMANAMON, J., concur.