CITY OF WILLOUGHBY HILLS, APPELLANT, *v.* CINCINNATI INSURANCE COMPANY, APPELLEE.

[Cite as Willoughby Hills *v.* Cincinnati Ins. Co. (1984), 9 Ohio St. 3d 177.]

(Nos. 82-1727 and 83-350—Decided February 15, 1984.)

178

*Messrs. Byron & Cantor, Mr. Barry M. Byron* and *Mr. Patrick T. Ryan,* for appellant.

*Dyson, Schmidlin & Foulds Co., L.P.A., Mr. James J. Dyson* and *Mr. Robert J. Foulds,* for appellee.

*Messrs. Gallagher, Sharp, Fulton & Norman, Mr. John B. Robertson, Messrs. Lane, Alton & Horst, Mr. Jeffrey W. Hutson* and *Mr. Jeffrey D. Boyd,* urging affirmance for *amicus curiae,* Ohio Association of Civil Trial Attorneys.

CELEBREZZE, C.J. In *Motorists Mut.* v. *Trainor* (1973), 33 Ohio St. 2d 41 [62 O.O.2d 402], this court held at paragraphs one and two of the syllabus:

"1. An insurance company, which by contract is obligated to defend its insured in a negligence action, may defend in good faith without waiving its right to assert at a later time the policy defenses it believes it has, provided that it gives its insured notice of any reservation of rights.

"2. The test of the duty of an insurance company, under a policy of

liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured. (*Socony-Vacuum Oil Co.* v. *Continental Cas.Co.,* 144 Ohio St. 382 [29 O.O. 563], approved and followed.)''

The question presented in this appeal is whether the determination of the duty to defend is limited solely to an examination of the pleadings in the action against the insured. The resolution of this question necessitates that we define the term "scope of allegations" as it is used in *Motorists Mut., supra.*

Our decisions in *Motorists Mut., supra,* and *Socony-Vacuum, supra,* clearly stand for the rule that the duty to defend may arise from the complaint alone if the allegations in the complaint unequivocally bring the action within the policy coverage. Appellee suggests that the converse must also be true, *i.e.,* where the pleadings do not establish a claim within the policy coverage, no duty to defend arises. However convenient appellee's suggestion may be, we feel that the duty to defend need not arise solely from the allegations in the complaint but may arise at a point subsequent to the filing of the complaint. *Milliken* v. *Fidelity & Cas. Co. of N.Y.* (C.A. 10, 1964), 338 F. 2d 35; *Spruill Motors, Inc.* v. *Universal Underwriters Ins. Co.* (1973), 212 Kan. 681, 512 P. 2d 403; *Pendleton* v. *Pan American Fire & Cas. Co.* (C.A. 10, 1963), 317 F. 2d 96, 100; *Employers Mut. Liability Ins. Co.* v. *Puryear Wood Products Co.* (1969), 247 Ark. 673, 676, 447 S.W. 2d 139, 141. For instance, in *Allen* v. *Standard Oil Co.* (1982), 2 Ohio St. 3d 122, this court held that, in the context of an indemnification agreement, the duty to defend could attach at some later stage in the litigation despite the fact that the pleadings did not conclusively establish the duty.

The rationale for the rule was stated in *Milliken, supra,* at page 40, as follows:

"The reason for this rule is that '* * * [u]nder the Federal Rules of Civil Procedure the dimensions of a lawsuit are not determined by the pleadings because the pleadings are not a rigid and unchangeable blueprint of the rights of the parties. * * *' ''

Further, in *Solo Cup Co.* v. *Federal Ins. Co.* (C.A. 7, 1980), 619 F. 2d 1178, the court stated at 1185:

"'* * * especially since the advent of notice pleading, in a case where there is doubt as to whether a theory of recovery within the policy coverage has been pleaded in the underlying complaint, the insurer must defend, and its defense obligations will continue until such time as the claim against the insured is confined to a recovery that the policy does not cover." See, also, *Hagen Supply Corp.* v. *Iowa National Mut. Ins. Co.* (C.A. 8, 1964), 331 F. 2d 199, 204.

Like the federal system, Ohio has embraced notice pleading through adoption of the Ohio Rules of Civil Procedure. See Civ. R. 8(A) and (E). No longer must a complaint set forth specific factual allegations. All that Civ. R.

8(A) requires is "* * * (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

In addition, no longer is a trial strictly limited to the issues raised in the pleadings. See Civ. R. 15(B).

It follows that the pleadings alone may not provide sufficient factual information to determine whether the insurer has an obligation to defend the insured. It remains true that where the pleadings unequivocally bring the action within the coverage afforded by the policy, the duty to defend will attach. *Motorists Mut., supra; State Farm Fire & Cas. Co. v. Pildner* (1974), 40 Ohio St. 2d 101 [69 O.O.2d 509]. However, where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim. Thus, the "scope of the allegations" may encompass matters well outside the four corners of the pleadings.

In the courts below, the inquiry was erroneously confined strictly to the specific allegations raised in the respective complaints. Pursuant to the rule announced herein, we hereby remand the cause to the trial court where it will be determined whether the underlying factual allegations in the Kondrat complaint *arguably* or *potentially* fall within the coverage afforded by appellee.[1]

With respect to the Macko complaint, however, we recently held in *Embers Supper Club, Inc. v. Scripps-Howard Broadcasting Co.* (1984), 9 Ohio St. 3d 22, as follows:

"In cases involving defamation of private persons, where a prima facie showing of defamation is made by the plaintiff, the question which a jury must determine by a preponderance of the evidence is whether the defendant acted reasonably in attempting to discover the truth or falsity or defamatory character of the publication."

Having adopted the "negligence" standard for defamation, the Macko complaint clearly comes within the policy coverage. The Macko complaint alleged that appellant caused a defamatory newspaper story to be published in the Cleveland Plain Dealer and claimed, *inter alia,* that:

"At the time of such publication, the defendants knew or could within the exercise of reasonable care have ascertained that the matter was untrue."

The allegations of negligence asserted by Macko *et al.,* as a result, fall within the definition of "occurrence" as set forth in the policy since only in-

---

[1] As we recognized in *Motorists Mut., supra,* at paragraph one of the syllabus, an insurer may accept the defense and reserve its right to assert "at a later time the policy defenses it believes it has." Nothing prevents the insurer, once the defense is accepted, from utilizing discovery to attempt to clarify the nature of the claim against the insured. See, *e.g., Ladner & Co., Inc. v. Southern Guar. Ins. Co.* (Ala. 1977), 347 So. 2d 100.

tentional and expected injuries are excluded. Consequently, the pleadings alone establish that appellee had an obligation to defend appellant in the Macko action.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for further consideration of the Kondrat complaint.[2]

*Judgment reversed and
cause remanded.*

W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent from the majority opinion in that the allegations in the respective complaints do not state a claim which is potentially within the ambit of policy coverage.

Under the terms of the insurance policy, appellee only had a duty to defend if a suit against the appellant sought damages for bodily injury or property damage caused by an "occurrence." The policy defined "occurrence" as:

"* * * an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

The duty to defend would come into existence only when an accident caused damages which were unexpected or unintended by the city's governing body. As stated, the terms of the policy clearly relate to actions taken by a city official or employee without the intent to cause damage to a third party.

An examination of the complaints in question shows that each is couched in terms of a specific intent to do harm, thereby precluding any duty to defend on the part of appellee.

In the Kondrat complaint, numerous city and county officials were accused of conspiring to deprive Kondrat of his constitutional rights in violation of Sections 1983 and 1985, Title 42, U.S. Code, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, the city of Willoughby Hills allegedly engaged in a campaign to instill fear in the populace, committed an abuse of governmental authority, tampered with petitions circulated by Kondrat, and deliberately

---

[2] Appellant also argues that appellee impliedly consented to try the issue of whether appellee acted in bad faith thus entitling appellant to punitive damages and attorney's fees. We note initially that attorney's fees are recoverable as costs of defending the suits. *Allen* v. *Standard Oil Co., supra,* at paragraph two of the syllabus. Furthermore, the record does not indicate that the trial court abused its discretion in concluding that the bad faith claim was not tried by implied consent of the parties. *State, ex rel. Evans,* v. *Bainbridge Twp. Trustees* (1983), 5 Ohio St. 3d 41, at paragraph three of the syllabus.

182

concealed particulars for securing indictments against Kondrat. Each allegation, along with the accusation of conspiracy, requires some degree of intent on the part of the respective official. Therefore, appellee was not under a duty to defend as the alleged actions did not fall within the definition of "occurrence."

In like manner, each count of the Macko complaint alleged that officials of the city of Willoughby Hills acted maliciously and with the intent to injure the plaintiffs by causing the publication of a newspaper article. The language of the complaint clearly pleaded the intentional commitment of defamation. Therefore, appellee was justified in not defending the allegations.

Based on the foregoing, I would affirm the decision of the court of appeals.