PHOENIX PHASE I ASSOCIATES *v.* GINSBERG, GUREN & MERRITT ET AL.; AMERICAN HOME ASSURANCE COMPANY, APPELLEE; TRAVELERS INDEMNITY COMPANY, APPELLANT.

(No. 49441—Decided October 2, 1985.)

*McNeal, Schick, Archibald & Biro* and *Frederick P. Vergon, Jr.,* for appellee.

*Richard E. Guster* and *Timothy S. Guster,* for appellant.

STILLMAN, J. This appeal is addressed to the cross-claim of the Travelers Indemnity Company ("Trav-

elers"), against American Home Assurance Company ("American"), defendant-appellee, arising from the failure of American to defend an action brought against a law firm for malpractice.[1] American had a policy of insurance with the law firm providing for what is known as "excess" insurance while Travelers and another insurance company not a party to this appeal provided "primary" or "underlying" insurance to the law firm. It was American's view that it was not obliged to defend the insured; and, accordingly, it did not participate in the trial which resulted in a verdict exhausting the insurance coverage of the primary insurers and reaching extensively into the coverage provided by the "excess" carrier.

The total legal expenses incurred were in the amount of $46,864.20 for defense of the lawsuit, and Travelers paid $23,432.10 under an agreement with another insurance company. In its claim against American, Travelers sought judgment for this amount plus interest and the costs of appeal. The court of common pleas held that under the circumstances of the case, "when Travelers' underlying insurance coverage was exhausted by prior settlements of claims against the insured law firm, the American Home policy became underlying insurance by its own terms."

The court held, nevertheless, that American was not obligated to pay legal fees and trial expenses and that Travelers was not entitled to recoupment of its trial expenses.

Travelers asserts that this is an inconsistency which requires reversal and assigns a single assignment of error:

"The trial court erred as a matter of law in concluding that American Home was not under any obligation to provide its insured with a defense to the claim made by plaintiff."

---

[1] See *Phoenix Phase I Associates* v. *Ginsberg, Guren & Merritt* (1985), 23 Ohio App. 3d 1.

There is a conflict of legal authority on the basic issue presented in this appeal. Where a primary insurer has defended for claims beyond the exhaustion of the monetary limits of its policy it has been held equitably subrogated to the rights of the insured against the excess insurance carriers and entitled to reimbursement for defense costs on a shared basis. *Aetna Cas. & Surety Co.* v. *Certain Underwriters at Lloyds of London* (1976), 56 Cal. App. 3d 791, 129 Cal. Rptr. 47.

A similar result was reached in *Viani* v. *Aetna Ins. Co.* (1972), 95 Idaho 22, 501 P. 2d 706, where the court ordered the defense costs split between the "primary" and "excess" insurers.

In the instant case, the court found that, at the point of trial, the underlying or primary insurance had been exhausted by prior settlements of claims and American had become the "underlying insurance by its own terms."

As an underlying insurer, it provided $2,000,000 of coverage for "any one occurrence Personal Injury or Property Damage * * *" and accepted the right "to associate with the insured or the insured's underlying insurer, or both, in the defense of any suit. * * *"

American contends that the action by the plaintiff in the underlying suit did not involve an "occurrence" calling for a defense. However, the definition of this term has been expanded by the Supreme Court of Ohio to include allegations in a complaint which may not appear to establish a claim within the policy coverage but which arise subsequent to the filing of the complaint. The court held that a duty to defend on the part of an insurer may arise under such circumstances. *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, 179.

We find that at the time of trial, American had a duty to defend as the underlying insurer since the primary insurers had exhausted their coverage through their prior settlements.

This view of the circumstances ob-

viates the need for a "tender" of the defense to American by Travelers since American's obligation to defend attached by virtue of its underlying insurer status.

Because defense costs are not related to policy limits but are essentially identical irrespective of those limits, we find that these costs should be equally divided between Travelers and American and remand this cause to the court of common pleas for a modification of the judgment in conformity with this opinion.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

BROWN, P.J., and DAHLING, J., concur.

WILLIAM B. BROWN, J., retired Justice of the Ohio Supreme Court, and STILLMAN, J., retired, of the Eighth Appellate District, were assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.