OPINION
Appellant Teresa K. Fabbro appeals a summary judgment of the Licking County Common Pleas Court in favor of appellee National Fraternal Order of Eagles (NFOE), and intervener-appellee Western Reserve Mutual Casualty Company (Western Reserve):
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN DISMISSING THE NATIONAL FRATERNAL ORDER OF EAGLES BY FAILING TO ACKNOWLEDGE THE ACTUAL CONTROL IT EXERTED OVER LOCAL CHAPTER #1688 AND BY FAILING TO RECOGNIZE THE NATIONAL FRATERNAL ORDER OF EAGLES' BREACH OF DUTY TO THE APPELLANT.
 II. ASSUMING ARGUENDO THAT THE TRIAL COURT BELIEVED THE NATIONAL ORGANIZATION SHOULD NOT BE PARTY DEFENDANT PREMISED ON AGENCY PRINCIPALS THEN THE TRIAL COURT ERRED BY NOT PROPERLY APPLYING THE PROVISIONS OF OHIO REVISED CODE SECTION 4112.
 III. THE TRIAL COURT ERRED IN DETERMINING AS A MATTER OF LAW THAT THE PLEADINGS AND EVIDENCE IN THE UNDERLYING LAWSUIT DID NOT ARGUABLY OR POTENTIALLY STATE CLAIMS FOR WHICH THERE MIGHT BE COVERAGE UNDER LOCAL CHAPTER #1688'S GENERAL LIABILITY INSURANCE COVERAGE WITH WESTERN RESERVE MUTUAL CASUALTY COMPANY.
On December 29, 1996, appellant was working for the Johnstown Lodge of the Fraternal Order of Eagles as a bartender. On that day, she left work early, claiming she was suffering from stress-induced illness. On January 2, 1997, the Lodge held a meeting to discuss appellant's employment status, as some members believed she quit on the day she left work due to illness. At the meeting, appellant was informed her services were no longer needed because she had walked off the job. The members also informed appellant that she would no longer be allowed to socialize as a guest at the Lodge. Appellant was never a member of Lodge, but was an auxiliary member of a lodge in Heath, Ohio. After the January 2 meeting, appellant and a boyfriend attempted to socialize at the Johnstown Lodge. They were escorted off the premises by a deputy sheriff. Appellant later applied for a position as a bartender with the Island Raw Bar Grill. After her application, the owner of the Island Raw Bar Grill allegedly received a phone call from an individual identifying herself as Irene Norris. Norris allegedly told the owner of the bar that appellant should not be hired because she had filed a sexual harassment suit against the Johnstown Lodge. Regardless, appellant was hired, and worked at the Island Raw Bar Grill for ten weeks before quitting. On April 25, 1997, appellant filed the instant action against the National Fraternal Order of Eagles, the Fraternal Order of Eagles, Local Chapter No. 1688 (Johnstown Lodge), Steve Johnson, Kenny Cramer, William Poulton, Richard Wroshirt, Harold McClanahan, Cecil Blagg, and Irene Norris. Appellant alleged causes of action for sexual discrimination, retaliation, defamation, intentional interference with a contractual relationship, negligent and intentional infliction of emotional distress, invasion of privacy, and prohibition of the right to free association. Appellee Western Reserve provided liability insurance for the Johnstown Lodge. On July 15, 1998, Western Reserve filed a motion seeking leave to intervene in the instant action. Appellant filed a memorandum contra. The court issued a judgment granting the motion to intervene. Western Reserve thereafter filed a complaint and cross-claim seeking a declaration that it had no duty to defend and indemnify the Johnstown Lodge in the instant action. On November 23, 1998, counsel for all the individual defendants filed a motion for summary judgment. On November 30, counsel for the NFOE filed a motion for summary judgment, and on December 2, Western Reserve filed a motion for summary judgment. The court dismissed all of appellant's claims except sexual discrimination, retaliation, and one claim of defamation. The court granted summary judgment to appellee NFOE on all claims. Accordingly, appellee NFOE was dismissed from the action. The court granted in its entirety the motion for summary judgment filed by appellee Western Reserve, declaring that Western Reserve has no duty to defend or indemnify.
 I
Appellant first argues that the court erred in dismissing the NFOE from the action. In disposing of the claims against NFOE, the trial court relied on provisions from the Grand Aerie Constitution: The Grand Aerie shall not be financially or otherwise responsible to anyone for any acts or admissions on the part of any state, provincial or Local Aerie or ladies' auxiliary, nor shall any state, provincial or Local Aerie or ladies' auxiliary have any right or power to act on behalf of the Grand Aerie or to in any manner obligate the Grand Aerie. Grand Aerie Constitution, Art. VII, Section 1.
The operation of a licensed or unlicensed Local Aerie is not subject to Grand Aerie supervision and control . . . As to the operation of the social rooms and the conduct of members and guests in such social rooms, the House Rules and By-Laws of the Local Aerie are the exclusive governing authority. States of the Grand Aerie, Fraternal Order of Eagles, 1995 Ed., Section 89.10
Appellant argues that the court ignored evidence that NFOE exerted control over the local chapter. Pursuant to the bylaws and constitution of the Grand Aerie, the NFOE is not responsible for any alleged actions taken by the local chapter, unless there is a legal agency relationship. An agency relationship is one where the agent has the power to bind to the principal by his action, and the principal has the right to control the actions of the agent. Evans v. The Ohio State University (1996), 112 Ohio App.3d 724. An agency relationship exists when one party exercises the right of control over the actions of the other, and those actions are directed toward the attainment of the objective which the principal seeks. Hanson v. Kynast (1986), 24 Ohio St.3d 171. Appellant cites this court to no material facts in the instant case which demonstrates that the NFOE asserted control over the Johnstown Lodge in any manner relevant to the events of which she now complains. In her deposition, appellant testified that shortly before she was discharged, she traveled to Columbus to meet with a representative of the NFOE concerning problems with the Johnstown Lodge. Appellant did not go alone, but went with a group of people from the lodge. Her complaints at the time concerned her fear that someone would be hurt or killed at the club if action was not taken. She felt that the club was not operated properly. She testified that nothing was done following that meeting to rectify the situation. Fabbro deposition, page 102-104. She further testified that the only time she saw anyone from the national organization in the Johnstown Lodge was in January of 1997, after she had been fired. Depo. Tr. 105. She testified that she spoke to Sam Jones from the NFOE by telephone, but this was after she was fired, and the conversation was related to her concerns with her inability to get into the club. There is no evidence in the record from which reasonable minds could conclude that the NFOE was involved with the local club in any way concerning the day-to-day operations and the events of which appellant's lawsuit complains. There is no evidence in the record from which reasonable minds could conclude that the Johnstown Lodge was acting as an agent of the NFOE in the alleged sexual discrimination, retaliatory discharge, or defamation of appellant. The first assignment of error is overruled.
 II
Appellant argues that if the trial court was correct in concluding that the Johnstown Lodge was not acting as an agent of the NFOE, then the court should have found the NFOE to be her employer pursuant to R.C. 4112.01. Once again, the evidence is undisputed that appellant was neither hired or fired by the National Fraternal Order of Eagles. Further, the constitution and bylaws of the NFOE prevent the national organization's involvement in the day-to-day operations of a local chapter. In addition, as discussed above, the NFOE had no notice, knowledge, or involvement in the employment dispute with appellant until after she was discharged from her position. The second assignment of error is overruled.
 III
Appellant argues that the court erred in finding that Western Reserve had no duty to defend and indemnify the Johnstown Lodge in the instant action. Western Reserve's policy of insurance with the Johnstown Lodge provided that Western Reserve would pay all sums for which an insured becomes legally obligated to pay as damages due to bodily injury or property damage caused by the occurrence. The policy defines occurrence as, "an accident and includes repeated exposure to similar conditions." The policy further provided an exclusion which applied to all coverage for bodily injury or property damage "which is expected by, directed by, or intended by an insured." We reject appellees' argument that there is no evidence of bodily injury. Although the primary gravamen of appellant's complaint is stress related, she did testify in her deposition that she had headaches as a result of the actions of the appellees. Fabbro deposition, page 17. Therefore, there is some evidence of physical manifestation of injury, beyond mere embarrassment and anxiety. The parties argue at length concerning appellant's choice of the language "willful and malicious" in all actions in her complaint. The Ohio Supreme Court has held that an insurer owes a duty to defend anytime the allegations in an action arguably fall within the coverage of the policy in question. Willoughby Hills v. Cincinnati Insurance Company (1984), 9 Ohio St.3d 177. Therefore, regardless of the specific language chosen by appellant, coverage exists under the policy if the pending causes of action arguably fall within the coverage of the policy. As noted earlier, "occurrence" is defined as an accident. The nature of whether an act is accidental or whether an act is intentional must be taken from the actor's viewpoint. Randolph v. Grange Mutual Casualty Company (1979),57 Ohio St.2d 25, 26. Therefore, if the alleged wrongful acts were not accidental, coverage does not apply in the instant case. Further, pursuant to the exclusionary clause quoted above, if the acts were intended by, expected by, or directed by the insured, coverage does not apply. The three causes of action remaining in the case all require proof of something well beyond accidental conduct in order for appellant to recover. Defamation is recognized as an intentional tort in the state of Ohio. E.g., McGee v. Goodyear Atomic Corporation (1995), 103 Ohio App.3d 236,248. In order to make out a prima facie case of sexual discrimination, appellant would have to prove that she was a member of the protected class, that she was discharged, and that a comparable protected employee was treated differently. Russel v. United Parcel Service (1996), 110 Ohio App.3d 95, 100. Having determined that a prima facie case has been established, the burden would then shift to the defendants to articulate the legitimate, non-discriminatory reason for her discharge. Id. If the defendant carries that burden, the burden shifts back to appellant to produce evidence that the defendant's stated justification is merely a pre-text for unlawful discrimination. Id. at 101. Simarily, a cause of action for retaliation requires that appellant engaged in protected activity, that appellant was the subject of an adverse employment action, and that a causal link existed between the protected activity and the adverse action. Chandler v. Empire Chemical, Inc. (1994), 99 Ohio App.3d 396,402. Once appellant establishes a prima facie case of unlawful retaliation, the defendant would then have the burden of articulating a legitimate reason for the adverse employment action. Id. The burden would then shift back to appellant to demonstrate that the defendant's proffered explanation is merely a pretext. Id. In essence, the burden-shifting mechanisms by which a cause of action for sexual discrimination and retaliation are proven require a demonstration that the employer took an adverse action against the employee based on a discriminatory or a retaliatory reason. Appellant must necessarily demonstrate that the defendants in the instant action intended to discriminate against her based on gender, or as retaliation. We can conceive of no set of facts under which appellant could succeed on her claims in the instant case where the Johnstown Lodge, as the insured in this case, acted accidentally, or did not intend or direct the acts in question. Therefore, the remaining three claims do not arguably fall within Western Reserve's policy of insurance with the Johnstown Lodge. Accordingly, the court did not err in granting summary judgment.
The third assignment of error is overruled. The judgment of the Licking County Common Pleas Court is affirmed.
By Gwin, J., and Wise, P.J., Hoffman, J., concurs in part; dissents in part.