[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, defendants-appellants James and Rebecca Shea contest the summary judgment entered by the Hamilton County Common Pleas Court in favor of plaintiff-appellee, Erie Insurance Company, on its complaint for a declaratory judgment. The common pleas court declared that Erie did not have a duty to defend the Sheas in a lawsuit filed in the Hamilton County Municipal Court. In that suit, Rita G. Boyd had claimed fraud in the sale of the Shea home.
Boyd's municipal court complaint alleged that she had sustained $7,304.08 in damages when the Sheas breached the contract of sale and fraudulently and negligently concealed material facts by failing to disclose that a gas-fired boiler was defective, that the roof leaked, and that the home was flea-infested. Boyd did not raise any claim for damages resulting from bodily injury. The Sheas requested Erie to provide a defense. It declined to do so. The municipal court subsequently entered judgment for the Sheas. They incurred approximately $17,000 in attorney fees and expenses to defend the suit, and again requested Erie to pay for the expenses of their defense. Erie again refused and filed a complaint for declaratory judgment in the common pleas court.
The homeowner's policy of insurance issued by Erie to the Sheas defined "occurrence" as an accident and agreed to pay for bodily injury or property damage resulting from an occurrence. The policy excluded coverage for bodily injury or property damage "expected or intended" by an insured.
Relying largely upon a written stipulation of fact, prepared and signed by the parties, the common pleas court granted Erie's motion for summary judgment, declaring, as a matter of law, that Erie had no duty to defend under the policy and sub silentio overruling the Sheas' "motion for declaratory judgment."
A motion for summary judgment shall be granted if the court determines that no genuine issue of material fact remains to be litigated, that the moving party is entitled to judgment as a matter of law, and that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
The substantive law governing this appeal specifies that an insurer's duty to defend arises "where the pleadings unequivocally bring the action within the coverage afforded by the policy," or, if the duty is not apparent from the pleadings, where the "allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded." Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177, 180, 459 N.E.2d 555, 558. We agree with the Tenth District Court of Appeals, which recently held, that where the negligent and intentional misrepresentations of a home seller do not result in allegations of property damage or personal injury based upon an occurrence, but are based upon the inherent condition of the house at the time of sale, an insurer does not have a duty to defend. See Hess v. TheCincinnati Ins. Co. (Oct. 17, 2000), Franklin App. No. 00AP-167, unreported.
Here, the facts alleged in the Boyd complaint did not describe a covered occurrence, because the mental state alleged was intentional conduct to defraud the purchaser. The allegation of negligent misrepresentation — requiring an intent to induce reliance is a subspecies of fraud. See 3 Restatement of the Law 2d, Torts (1965), Section 552.
As the trial court found, "Boyd did not bring suit for accidental damages to the property, but for loss of bargain due to fraudulent concealment of the condition of the house." Therefore, the trial court did not err when it concluded that Boyd's claims against the Sheas were not arguably or potentially within the scope of the Erie policy, and that Erie did not have a duty to defend.
Therefore, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.