OPINION
Defendant-appellants Roger and Jennifer Hastings appeal from a summary judgment rendered against them on the issue of the scope of their homeowner's and umbrella insurance coverages. The trial court held that plaintiff-appellee, Cincinnati Insurance Company (CIC), which had sold the Hastings a homeowner's insurance policy and an umbrella policy, did not have a duty to defend or to provide coverage to the Hastings with regard to a lawsuit filed against them.
We agree with the trial court that the liability of a seller of a home to the purchaser, based upon his failure to disclose to the purchaser undiscovered damage to the property that occurred during the seller's occupancy, cannot be said to have arisen out of the damage to the property, and is therefore not within the scope of coverage of policies of homeowner's and umbrella insurance that cover personal injury arising out of property damage. Accordingly, the judgment of the trial court is Affirmed.
 I
Jeffrey Anders and Julie Anders purchased a residential property from the Hastings. Thereafter, they filed a complaint against the Hastings alleging that the Hastings failed to make material disclosures regarding defects in the home. The complaint set forth the following causes of action: (1) fraudulent concealment of defects; (2) fraudulent misrepresentations; (3) negligent misrepresentations; (4) breach of contract; (5) unjust enrichment; (6) breach of the covenant of good faith and fair dealing; (7) civil conspiracy; (8) promissory estoppel; and (9) fraudulent inducement of contract. Upon motion, the trial court granted summary judgment in favor of the Hastings on all claims except the breach of contract and unjust enrichment claims.
Of relevance to this case, the Hastings made a request to CIC to provide them with legal representation pursuant to the terms of their homeowner's insurance policy and umbrella policy issued by CIC. CIC denied the Hastings' request, and initiated a complaint for declaratory judgment against the Hastings seeking a ruling that neither policy required it to provide coverage to, defend or indemnify the Hastings for the claims asserted by the Anders. The Hastings filed an answer and a counterclaim in which they asserted that CIC had acted in bad faith in denying coverage.
Both parties filed motions for summary judgment. The trial court rendered summary judgment in favor of CIC and against the Hastings on all claims. From this judgment the Hastings appeal.
 II
The Hastings' First and Second Assignments of Error are as follows:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE-INSURER AND DENYING APPELLANTS' SUMMARY JUDGMENT MOTION, FINDING NO DUTY TO DEFEND ARISING UNDER THE HOMEOWNERS POLICY.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE-INSURER AND DENYING APPELLANTS' SUMMARY JUDGMENT MOTION, FINDING NO DUTY TO DEFEND ARISING UNDER THE UMBRELLA POLICY.
The Hastings contend that the trial court incorrectly determined that the subject policies did not require CIC to provide them with a defense to the complaint filed by the Anders.
Our review of the trial court's decision to grant summary judgment is de novo. Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370. With this standard in mind, we now address whether the policies required CIC to extend coverage to the Hastings.
We note at the outset, that "[t]he test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured." Motorists Mutual Ins. Co. v. Trainor (1973),33 Ohio St.2d 41, paragraph two of the syllabus. Additionally, an insurer must defend an insured if the allegations in the pleadings state a claim arguably or potentially within the insured's policy coverage or if there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded. Willoughby Hills v. Cincinnati Ins. Co.(1984), 9 Ohio St.3d 177, syllabus.
Therefore, in order to determine whether CIC had a duty to defend the Hastings against these allegations, we must determine whether the complaint states a claim that is arguably within the scope of the two policies.
The homeowner's policy provides, in part, as follows:
 If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage arising out of an occurrence to which this coverage applies, we will:
 a. pay up to our limit for the damages arising out of bodily injury, personal injury, or property damage for which the insured is legally liable; and
 b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent.* * *
An "occurrence" is defined as an accident, including exposure to conditions, which results in property damage, bodily injury, or personal injury during the policy period.
The umbrella policy also allows coverage for occurrences. An occurrence is defined in that policy as "an accident, happening, event or series of related events that unexpectedly or unintentionally causes personal injury or property damage during the endorsement period."
A review of the Anders' complaint reveals that, except for the claim of negligent misrepresentation, all of the counts (specifically the counts of fraudulent concealment, fraudulent misrepresentation, breach of contract, unjust enrichment, breach of covenant of good faith and fair dealing, civil conspiracy, fraudulent inducement of contract, and promissory estoppel) are based upon the premise that the Hastings knew of the defective conditions prior to the sale of the home, and that they are liable for having failed to disclose those defects.
In construing a similar complaint (i.e., the allegations involved negligent and purposeful misrepresentations made by the sellers during the sale negotiations for the residence) and policy language identical to the policies in this case, the Tenth District Court of Appeals held that "* * * it cannot be established from the complaint that the damages were `arising out of an occurrence to which this coverage applies.'" Hess v. Cincinnati Ins. Co. (Oct. 17, 2000), Franklin App. No. 00AP-167, unreported. The court went on to note:
 The economic damages the [buyers] allege in their complaint arose from the [sellers'] actions, and not simply from the fact that they existed because the property damage did not arise "out of an occurrence" alleged in the complaint. The property damage had already occurred at the time the [buyers] alleged [the sellers] committed the acts that would cause [the sellers] to be liable. A review of the [sellers'] insurance policy shows that no coverage is provided to reimburse appellants for losses incurred caused by their alleged negligent actions during contract negotiations.
Id.
Essentially, the Tenth District's holding was based upon the premise that the alleged negligent misrepresentations did not cause the damage. See, also, Weaver v. McGuire (Oct. 24, 1997), Miami App. No. 97CA27, unreported.
Therefore, after reviewing the record, we hold, consistently with Hess, supra, that the Anders' claims against the Hastings were not arguably or potentially within the scope of the policy, and CIC did not have a duty to defend. Accordingly, the First and Second Assignments of Error are overruled.
 III
The Hastings' Third Assignment of Error provides:
 THE TRIAL COURT ERRED IN DISMISSING ALL OF THE CLAIMS OF THE APPELLANTS AND ISSUING A FINAL APPEALABLE ORDER WITHOUT RESOLVING THE BAD FAITH CLAIMS ASSERTED BY THE APPELLANTS WHICH STAND INDEPENDENT OF THE DUTY TO DEFEND.
The Hastings contend that the trial court erred by failing to determine whether CIC acted in bad faith by failing to provide coverage and a defense in the case filed by the Anders.
"It is settled law in this state that an insurer owes a duty to exercise good faith in defending and settling claims against the insured and that a breach of that duty will give rise to a cause of action by the insured." Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1980),62 Ohio St.2d 221, 222, citation omitted. However, where a duty to defend has not been established, it cannot be held that the insurer was negligent, breached a contract or acted in bad faith when it refuses to defend or provide coverage. As counsel for both parties acknowledged during oral argument, since the trial court determined that there was no duty to defend, it implicitly found that CIC did not act in bad faith.
Because our determination with respect to appellants' First and Second assignments of error is that there was no duty to defend in this matter, the logical conclusion is that there was no bad faith on the part of CIC. Appellants' Third assignment of error is accordingly overruled.
 IV
All of the Hastings' Assignments of Error being overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., FAIN and GRADY, J.J., concur.