court's denial of Riser's motion was not an abuse of discretion.

Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal, and the BAP's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

## HOLLOWAY SPORTSWEAR, INC., Plaintiff–Appellant,

v.

## TRANSPORTATION INSURANCE COMPANY, Defendant–Appellee.

No. 01–4025.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

SILER, Circuit Judge.

Plaintiff Holloway Sportswear, Inc. appeals the district court's grant of summary judgment to defendant Transportation Insurance Company in this declaratory judgment action to determine Transportation's obligations pursuant to its insurance contracts with Holloway. Specifically, Holloway contends that Transportation breached its duty to defend Holloway in a New York state court action brought by Robert S. Zeeman and companies under his control ("Zeeman"), and therefore must indemnify Holloway for the settlement of

Zeeman's claims. As set forth below, we affirm.

## BACKGROUND

Holloway is an Ohio corporation which manufactures, sells and distributes sportswear. Transportation issued a commercial general liability policy to Holloway. Beginning in 1994, Holloway had retained Zeeman as its buying agent in Asia. In 1996, Zeeman began working with one of Holloway's direct competitors, Hartwell Sports, Inc. Upon learning of this relationship in 1997, Holloway (believing Zeeman had breached an agreement to be Holloway's agent exclusively) stopped payment on a commission check and withheld other sums Zeeman claimed were owed to him. Holloway also began to deal directly with the Asian manufacturers with whom Zeeman had been working on Holloway's behalf. In 1998, Zeeman sued Holloway in state court in New York; shortly thereafter, Holloway filed suit against Zeeman in federal district court in Ohio.

Zeeman's claims against Holloway in the New York action included a cause of action entitled "Tortious Interference with Economic Advantage." In this cause of action, Zeeman alleged that Holloway "interfered with the economic relations between [Zeeman] and its manufacturing sources by unfairly and improperly contacting said customers, sources and contacts directly," and that "[b]y virtue of the dishonest, improper and unfair acts taken by [Holloway], ... [Zeeman's] economic relations with their customers and contacts have been irretrievably harmed." Holloway contends that these allegations triggered Transportation's duty to defend it in the New York action, by virtue of provisions in the policy whereby the insurer agrees to defend any suit alleging "personal injury" or "advertising injury." Holloway tendered its defense of the New York action

to Transportation, which refused the tender. Holloway instituted the current action for a declaratory judgment regarding Transportation's obligations under the policy. Both of the underlying actions have been resolved.

## STANDARD OF REVIEW

Grants of summary judgment are reviewed *de novo*. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir.2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

## DISCUSSION

The instant action for a declaratory judgment was filed in federal district court in Ohio. Under Ohio law, in order to determine whether an insurer must assume the defense of an insured, one looks initially to the complaint filed against the insured:

> [W]here the pleadings unequivocally bring the action within the coverage afforded by the policy, the duty to defend will attach....However, where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim.

*City of Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St.3d 177, 459 N.E.2d 555, 558 (1984). The rationale behind allowing the insurer's duty to defend to arise subsequent to the filing of the complaint in-

volves the development of notice pleading; "[t]hus, the insurer's obligation to defend will continue until the claim is confined to a theory of recovery that the policy does not cover." *Great American Ins. Co. v. Hartford Ins. Co.*, 85 Ohio App.3d 815, 621 N.E.2d 796, 798–99 (1993). An insurer has no duty to defend, however, where there is no possibility of coverage. *See Wedge Prods., Inc. v. Hartford Equity Sales Co.*, 31 Ohio St.3d 65, 509 N.E.2d 74, 75 (1987) (finding no possibility of coverage where insured was accused of committing intentional tort, but policy covered only unexpected or unintended bodily injuries). Insurers may also defend under a reservation of rights, thereby preserving any policy defenses they may have, and file a declaratory judgment action in order to determine their obligations under the policy. *Stoller v. Fidelity and Guaranty Ins. Underwriters, Inc.*, No. WD–87–64, 1988 WL 81809, *4 (Ohio App.1988).

The insurance policy Transportation issued to Holloway provided that the insurer would "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies," and that the insurer had the "right and duty to defend any 'suit' seeking those damages." The policy further clarified that "[t]his insurance applies to: 'Personal injury' caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you; [and] '[a]dvertising injury' caused by an offense committed in the course of advertising your goods, products or services." Both "advertising injury" and "personal injury" are defined as arising out of, among other offenses, "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Holloway points out that Zeeman's claim for tortious

interference with prospective economic advantage *can* be based on defamation or disparagement, either of which constitutes "advertising injury" and "personal injury." Reasoning that the plain language of the policy conditions the duty to defend upon the type of *injury* alleged, rather than the cause of action or legal theory pled, Holloway concludes that this claim "arguably" or "potentially" comes within the policy coverage, triggering Transportation's duty to defend.

In granting summary judgment to Transportation, the district court concisely dismissed Holloway's argument that the tortious interference claim constituted "advertising injury." The court also rejected the inference Holloway sought to draw (in arguing that "personal injury" was alleged) from Zeeman's reference to Holloway's "dishonest, improper and unfair" contacts with the Asian manufacturers, finding that the complaint alleged injury by virtue of Holloway's circumvention of Zeeman, rather than by defamation or disparagement, and thus there was no possibility of coverage which triggered Transportation's duty to defend.

The court bolstered this conclusion by citing *Motorists Mutual Insurance Co. v. National Dairy Herd Improvement Ass'n., Inc.*, 141 Ohio App.3d 269, 750 N.E.2d 1169 (2001). In that case, the Ohio court of appeals addressed the question of whether an insurer was required to defend its insured against antitrust allegations, due to policy coverage of claims for defamation or disparagement under personal and advertising injury provisions. The trial court had held that the insurer had no duty to defend, and, on appeal, the insured argued that this was error because "the factual allegations of the complaint in the [underlying] case asserted that [the insured] ... conspired to engage in conduct that at least arguably or potentially would

under the Advertising Injury and Personal Injury provision of the Motorists policy constitute libel, slander, or disparagement...." *Id.* at 1172. In rejecting this argument, the court of appeals declared that "[t]he complaint clearly states causes of action for antitrust and monopoly, not for defamation and disparagement," and proceeded to review the various elements of the latter claims under New York law. *Id.* at 1175. The court also reviewed the underlying complaint, finding that in "eighty paragraphs of allegations, [it] does not contain a single allegation that [the insured] published a false statement about the ... plaintiffs to a third party." *Id.*

Most importantly, the court of appeals rejected the insured's argument that the claims for defamation and disparagement were *implied,* in that the "factual allegations of the [underlying] complaint only makes sense as a charge that defendants prevented plaintiff from effectively competing with them by disparaging their product and services to customers and potential customers." *Id.* (internal quotation marks omitted). The court clarified that "[w]e will not ... impose a duty to defend based on allegations outside the complaint, where the complaint does not state a claim that arguably triggers coverage." *Id.* at 1176. Thus, courts "need not stretch the allegations beyond reason to impose a duty on the insurer. To do so would effectively impose an absolute duty on the insurer to provide a defense to the insured regardless of the cause of action stated in the complaint." *Id.*

Given the factual similarities between *Motorists Mutual* and the instant case, it provides clear precedent, unrebutted by Holloway, for rejecting Holloway's argument that because a tortious interference claim *can* be based on defamation or disparagement, such a claim alleges "advertising" or "personal" injury and thus trig-

gers the duty to defend. Holloway has cited no provision of the underlying complaint which arguably recounts any defaming or disparaging statement. Accordingly, the district court was correct in concluding that Transportation had no duty to defend Holloway or indemnify it and in awarding Transportation summary judgment.

**AFFIRMED.**