{¶ 30} I must respectfully dissent, for I believe both the majority and the trial court have made an error of law in this matter. Appellee, State Farm, filed a motion for summary judgment, which when granted, relieved them of the responsibility to defend their insured under his homeowner's policy. The trial court offers no explanation for this inexplicable result, holding merely that the motion is "well taken." What does that mean?
 {¶ 31} The homeowner in question freely admits that he chased and tackled a trespasser who had pounded on his door "for fun." Of critical legal significance, however, is the homeowner's version of the events, for summary judgment was filed against him. Under oath, he stated: "[w]hile I was trying to restrain Brian Kenney, we struggled and fell into the snow. I was only trying to restrain him to keep him from running away. * * * I DID NOT INTEND TO STRIKE OR KICK BRIAN KEENEY OR TO CAUSE HIM INJURY. Throughout the incident, I was only trying to restrain him until a police officer could determine his intentions." (Emphasis added.)
 {¶ 32} Pursuant to Civ.R. 56(C), those statements by the insured are true for the purpose of a summary judgment exercise. As a matter of law, there is no weighing or believing to be done at this juncture. It simply is not permissible for the trial court to weigh differing versions of the same event and then side with one party or another. That is not the purpose of summary judgment. In a summary judgment exercise, the homeowner, as the non-moving party, was entitled to have the evidence construed most strongly in his favor.[1] Thus, for the purpose of defending against summary judgment, the testimony given by the party opposing the motion is accepted as factual. It is only when reasonable minds can come to but one conclusion, and that conclusion is adverse to the opposing party, that summary judgment can be rendered.[2] Such is not the case here. The homeowner claims to have been "holding" the trespasser while the trespasser claims to have been savagely "beaten." Somewhere in the middle lies the truth.
 {¶ 33} As stated by the Supreme Court of Ohio, "[i]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer MUST DEMONSTRATE THAT THE INJURY ITSELF WAS EXPECTED OR INTENDED."[3] That perception is from the eyes of the tortfeasor, not the victim.[4] The Rothman case has been disaffirmed only to the extent it may have been construed to apply in "contexts other than those in which recovery is sought under a liability policy designed to hold an insured harmless for the insured's own * * * tortious conduct."[5] Thus, it is still applicable to the case at bar.
 {¶ 34} In a similar case, the Supreme Court of Ohio held that where "the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, THE INSURER MUST ACCEPT THE DEFENSE OF THE CLAIM."[6]
 {¶ 35} There is nothing in the record to support the trial court's grant of summary judgment in this matter. The insured's version, if believed, is that the trespasser may have been accidentally injured. It is not the province of this court, or the trial court, to believe or disbelieve that account. As a matter of law, the judgment of the trial court should be reversed.
[1] Civ.R. 56(C).
[2] Id.
[3] (Emphasis added.) Physicians Ins. Co. of Ohio v. Swanson (1991),58 Ohio St.3d 189, syllabus.
[4] Rothman v. Metropolitan Cas. Ins. Co. (1938), 134 Ohio St. 241, paragraph two of the syllabus.
[5] Kish v. Natl. Ins. Group. (1981), 67 Ohio St.2d 41, 48.
[6] (Emphasis added.) Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177, syllabus.