[Cite as *Meyers Lake Sportsman's Club, Inc. v. Auto-Owners (Mut.) Ins. Co.*, 2013-Ohio-3115.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MEYERS LAKE SPORTSMAN'S CLUB, INC., ET AI | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs - Appellees | : | Hon. Patricia D. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| -vs- | : | |
| | : | |
| AUTO-OWNERS (MUTUAL) INSURANCE COMPANY, ET AI | : | Case No. 2012CA00241 |
| | : | |
| | : | |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                                              of Common Pleas, Case No.
                                                              2012CV01151

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                      July 15, 2013

APPEARANCES:

For Plaintiffs-Appellees                         For Defendants-Appellants

ALLEN SCHULMAN                             BRIAN T. WINCHESTER
The Carnegie Building                          McNeal Schick Archibald & Biro Co., LPA
236 Third Street, S.W.                          123 West Prospect Avenue, Suite 250
Canton, OH 44702                               Cleveland, OH 44115

JAMES T. ROBERTSON
WILLIAM S. PIDCOCK
Robertson & Pidcock, LLC
The Carnegie Building
236 Third Street, S.W.
Canton, OH 44702

*Baldwin, J.*

{¶1} Defendant-appellants Auto-Owners (Mutual) Insurance Company and Owners Insurance Company appeal from the December 4, 2012 Judgment Entry of the Stark County Court of Common Pleas denying their Motion for Judgment on the Pleadings.

## STATEMENT OF THE FACTS AND CASE

{¶2} On April 11, 2012, appellees Meyers Lake Sportsman's Club, Inc. and Meyers Lake Fish Dock, Inc. filed a complaint for declaratory judgment, breach of contract/bad faith and punitive damages against appellants. Appellees, in their complaint, alleged that appellee Sportsman's Club had filed a complaint against Meyers Lake Preserve, Inc. (Case No. 2011 CV 01990) seeking a declaratory judgment, injunctive relief and damages for breach of contract, tortious interference with contract, trespass, quiet title and punitive damages. Appellees further alleged that, on or about September 30, 2011, Meyers Lake Preserve, Inc. had filed an answer and counterclaim in such case against appellee Sportsman's Club and a counterclaim against appellee Fish Dock. Appellees alleged that the counterclaim included claims against appellee Sportsman's Club for trespass and ejectment and a claim against appellee Fish Dock for conversion.

{¶3} Appellees, in their complaint in the case sub judice also asserted that they immediately notified appellants, through their counsel in Case No. 2011 CV 01990, of the filing of the counterclaim and that appellants denied coverage under the relevant polices and refused to defend appellees in Case No. 2011 CV 01990.

{¶4} On October 24, 2012, appellants filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). Appellants, in their motion, sought a declaration from the trial court that they had no duty to defend and/or indemnify appellees with respect to the claims asserted against them by Meyers Lake Preserve, Inc. in Case No. 2011 CV 01990. Appellees filed a memorandum in opposition to such motion on November 7, 2012.

{¶5} Thereafter, on November 21, 2012, a stipulation was filed dismissing the claims asserted by appellees against appellants for breach of contract and bad faith. The parties agreed that the only remaining claims were those for declaratory judgment.

{¶6} Pursuant to a Judgment Entry filed on December 4, 2012, the trial court denied appellants' Motion for Judgment on the Pleadings. The trial court, in its Judgment Entry, found that the claims asserted by the Preserve against appellees in Case No. 2011 CV 01990 were "occurrences" as such term is defined in the subject policies and that alleged personal injury to the Myers Lake Preserve was sufficient to trigger appellants' duty to defend appellees in the underlying case. A defense was late tendered under a reservation of rights.

{¶7} Appellants now raise the following assignment of error on appeal:

{¶8} THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADING AND FINDING A DUTY TO DEFEND.

I

{¶9} Appellants, in their sole assignment of error, argue that the trial court erred in denying their Motion for Judgment on the Pleadings and finding a duty to defend. We disagree.

{¶10} A motion for judgment on the pleadings presents only questions of law. *Luthy v. Dover,* 5th Dist. No.2011AP030011, 2011–Ohio–4604, ¶ 13, citing *Dearth v. Stanley,* 2nd Dist. No. 22180, 2008–Ohio–487. In ruling on a motion for judgment on the pleadings, the trial court must construe the material allegations in the complaint and any reasonable inferences drawn therefrom in favor of the plaintiff. If it finds plaintiff can prove no set of facts entitling plaintiff to relief, the court must sustain a motion for judgment on the pleadings. *Boske v. Massillon City School Dist.,* 5th Dist. No. 2010–CA–00120, 2011–Ohio–580, ¶ 12, citing *Hester v. Dwivedi,* 89 Ohio St.3d 575, 2000–Ohio–230, 733 N.E.2d 1161. However, the complaint must allege sufficient facts to support any conclusions, and unsupported conclusions are not presumed to be true. *Id.*

{¶11} Judgment on the pleadings may be granted where no material factual issue exists. "However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings." *Giesberger v. Alliance Police Department,* 5th Dist. No. 2011 CA00070, 2011–Ohio–5940, ¶ 18.

{¶12} Our review of the trial court's decision granting judgment on the pleadings is de novo. *See, Hignite v. Glick, Layman & Assoc., Inc.,* 8th Dist. No. 95782, 2011–Ohio–1698. When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *Eagle v. Fred Martin Motor Co.,* 157 Ohio App.3d 150, 2004-Ohio-829- 809 N.E.2d 1161, ¶ 11 (9th Dist.). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that

would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931.

{¶13}   At issue in the case sub judice is whether or not appellants had a duty to defend appellees in Case No. 2011 CV 01990. Appellants contend that the claims asserted by Meyers Lake Preserve against appellees in such case for trespass, ejectment, and/or conversion are subject to the intentional acts exclusions of the polices, that such claims do not constitute "occurrences" under the policies, and that such claims were not for personal injury or property damage.

{¶14}   "To determine when the duty to defend arises, one must look to the allegations in the complaint and the insurance policy to ascertain whether the insured's actions were within the coverage of the policy." *Snowden v. Hastings Mut. Ins. Co.,* 177 Ohio App.3d 209, 2008-Ohio-1540, 894 N.E.2d 336, ¶ 10 (7th Dist), citing *Preferred Mut. Ins. Co. v. Thompson*, 23 Ohio St.3d 78, 80, 491 N.E.2d 688 (1986).

{¶15}   "The scope of the allegations in the complaint against the insured determines whether an insurance company has a duty to defend the insured. The insurer must defend the insured in an action when the allegations state a claim that potentially or arguably falls within the liability insurance coverage. However, an insurer need not defend any action or claims within the complaint when all the claims are clearly and indisputably outside the contracted coverage." (Citations omitted.) *Ohio Govt. Risk Mgt. Plan v. Harrison,* 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 19.

{¶16} An insurer's duty to defend need not arise solely from the allegations in the complaint, but may arise at a point subsequent to the filing of the complaint. See *Willoughby Hills v. Cincinnati*, 9 Ohio St. 3d 177, 179, 459 N.E.2d 555 (1984).

{¶17} The Commercial General Liability (CGL) policies issued by appellants to appellees in the case sub judice state, in relevant part, as follows:

**SECTION I-COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement.**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. * * *

" * * *

**b**. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury'" or "property damage'" occurs during the policy period.…

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

{¶18}   "Occurrence" is defined in Section V-Definitions of the CGL policies as, "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" is defined as meaning, "a. [p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. [l]oss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the 'occurrence' that caused it." Moreover, "Personal Injury" is defined in paragraph 15 of Section V, in relevant part, as meaning injury "other than 'bodily injury' arising out of one or more the following offenses:…**c**. The wrongful eviction from, wrongful entry into, or invasion of the tight of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor."

{¶19}   The umbrella policy issued by appellant Auto-Owners to appellee Sportsman's Club provide coverage for personal injury or property damage that is caused by an incident. The policy contains the following definitions:

**I. Incident** means either an occurrence or an offense, whichever is the basis of coverage, then:

**1**. When coverage applies on the occurrence basis**, incident** means an accident with respect to;

**a. Bodily injury**, including damages claimed by any person or organization for care, loss of services or death resulting at any time for the **bodily injury**; or

**b**. **Property damage**

Including continuous or repeated exposure to substantially the same harmful conditions. Continuous or repeated exposure to substantially the same general harmful conditions constitutes one **incident.**

**2.** When coverage applies on an offense basis, **incident** means an offense committed by the **insured** resulting in **personal injury** or **advertising injury**, including all such injury sustained by any one person or organization."

{¶20} In turn, the umbrella policy defines "personal injury", in relevant part, as meaning "injury, other than **bodily injury,** arising out of one or more the following offenses:… **3.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor."  "Property Damage' is defined as meaning."1. [p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused the loss of use.  **2.** [l]oss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the **incident** that caused the loss of use."

{¶21} The umbrella policy further contains an exclusion for "**Bodily injury** or **property damage**' expected or intended from the standpoint of the **insured**."

{¶22} The trial court, in its December 4, 2012 Judgment Entry, found that the claims asserted in Case No. 2011 CV 01990 by Meyers Lake Preserve against appellees for trespass, ejectment and/or conversion constituted "occurrences" under the insurance policies issued by appellant to appellee and were not excluded an intentional torts and that appellants had a duty to defend appellees with respect to such claims.

The trial court further found that Meyers Lake Preserve suffered from an alleged personal injury sufficient to trigger the duty to defend.

{¶23}   Appellants initially argue that the trial court erred in denying their Motion for Judgment on the Pleadings and finding a duty to defend because the  claims for trespass, ejectment and/or conversion are intentional torts excluded under the subject polices. Appellants note that  the policies exclude coverage for bodily injury or property damage that is  expected or intended from the standpoint of the insured. Appellants specifically maintain that the claims for trespass, ejectment and conversion sound in intentional tort.   However, in order for an exclusion for intentional acts to apply, the insurer must show not only that insured intended act, but also that insured intended to cause harm or injury. *Physicians Ins. Co. of Ohio v. Swanson*, 58 Ohio St.3d 189, 569 N.E.2d 906 (1991).

{¶24}   We concur with the trial court that, based upon the language contained in the relevant policies, the claims for trespass, ejectment and conversion asserted by the Meyers Lake Preserve against appellees in Case No. 2011 CV 01990 were occurrences and that such claims are not excluded as intentional acts.   As noted by the trial court, when an insured intentionally performs an act which causes unintended damage, the event is an "occurrence" under a CGL policy. See *Holub Iron & Steel Co. v. Machinery Equipment & Salvage Co.,* 9th Dist. No.  12304, 1986 WL 7762 (July 2, 1986).

{¶25}   In the underlying case, appellee Sportsman's Club filed a complaint against Meyers Lake Preserve, alleging that such appellee's members had an implied easement to use Meyers Lake and such appellee's  own property for swimming, boating and fishing. Appellee Sportsman's Club further alleged that Meyers Lake Preserve was

depriving appellee and its members from their property rights. In response, Meyers Lake Preserve filed a counterclaim against appellee Sportsman's Club and appellee Fish Dock. The counterclaim included claims against appellee Sportsman's Club for trespass and ejectment and a claim against appellee Fish Dock for conversion. As noted by the trial court, appellee Sportsman's Club's use of Meyers Lake was not intended to cause damage to the Preserve. Rather, as set forth in the complaint in the underlying case, appellee Sportsman's Club believed that it has an implied easement that gave it the right to use the lake. We agree with the trial court that the "expected or intended injury" exclusion does not apply so as to preclude appellants from having a duty to defend appellees under the subject policies.

{¶26} Appellants also argue that claims for trespass, ejectment and/or conversion do not constitute claims for personal injury or property damage under the subject policies and that, therefore, there was no duty to defend the claims asserted by Meyers Lake Preserve against appellees in the underlying case.

{¶27} As is stated above, the term "personal injury" is defined in the subject policies as meaning other than "bodily injury" arising out of one or more of the following offenses:

> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

{¶28} As noted by appellees, "[b]ecause the Sportsman's Club has an implied easement to use Meyer's Lake, and the Preserve likewise has a right of occupancy of Meyer's Lake, the alleged personal injury suffered by the Preserve was in fact an

alleged invasion of the Preserve's property right of private occupancy which was committed by the Appellees." Moreover, the asserted loss of use of the premises that allegedly was caused by appellees constitutes property damage. We agree with the trial court that the alleged personal injury to the Preserve was sufficient to trigger duty on behalf of appellants to defend appellees in the underlying case.

{¶29}   Based on the foregoing, we find that the trial court did not err in denying appellants' Motion for Judgment on the Pleadings.  We cannot find, beyond doubt, that appellees could prove no set of facts that would entitle them to relief.

{¶30}   Appellants' sole assignment of error is, therefore, overruled.

{¶31}   Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.

HON. CRAIG R. BALDWIN

HON. JOHN W. WISE

HON. PATRICIA A. DELANEY

CRB/dr

[Cite as *Meyers Lake Sportsman's Club, Inc. v. Auto-Owners (Mut.) Ins. Co.*, 2013-Ohio-3115.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MEYERS LAKE SPORTSMAN'S CLUB,   :
INC., ET. AL.  :
  :
    Plaintiff -Appellee  :
  :
-vs-  :      JUDGMENT ENTRY
  :
AUTO-OWNERS (MUTUAL) INSURANCE  :
COMPANY, ET. Al.
  :
    Defendant - Appellant  :      CASE NO. 2012CA00241

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellants.

_____
HON. CRAIG R. BALDWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY